JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Cory J. Cheetham, appeals the judgment of the Cuyahoga County Common Pleas Court classifying him as a child-victim predator. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that appellant was charged with one count of abduction, in violation of R.C. 2905.02, after allegedly grabbing the arm of a twelve-year-old female victim and restraining her for approximately ten seconds. He subsequently entered a no contest plea to this charge and was found guilty by the trial court. The state requested that appellant be classified as a child-victim predator on the basis that he was convicted of a child-oriented offense.
 {¶ 3} At the classification and sentencing hearing that followed, the state presented the testimony of Detectives Maurice Hamilton and Vincent Colbert. Detective Hamilton is a police officer with the Cleveland Police Department and was the investigating officer in the instant case, while Detective Colbert is a Cleveland State University police officer and investigated an August 2002 case wherein appellant was charged with, and eventually convicted for, pandering sexual material involving a minor. The state also introduced documentary evidence of appellant's prior convictions for public indecency, attempted breaking and entering an all-girls high school and felonious assault, as well as reports from the Psychiatric Clinic. One of these reports, the Sexual Predator Evaluation, referred to results for the Static-99 test.[1] The score he obtained on that test placed him in the "high" risk category for reoffending, with actuarial recidivism scores of .39, .45 and .52 for five, ten and 15 years respectively. According to the report, "research predicts that 39% of [offenders] will reoffend sexually within five years, 45% within 10 years, and 52% within 15 years." The Abel Assessment for Sexual Interest, another psychological assessment tool, indicated that appellant has "a significant sexual interest in 8-10 year old females and males * * *." The court ultimately classified appellant as a child-victim predator and sentenced him to one year in prison.
 {¶ 4} Appellant is now before this court and challenges his classification as a child-victim predator. Succinctly, appellant claims that reliance on psychiatric tests to establish the chance of recidivism is not determinative, especially when the offense for which he was convicted was nonsexual in nature.
 {¶ 5} R.C. 2950.01(U) defines "child-victim predator" as a "person [who] has been convicted of * * * committing a child-victim oriented offense and is likely to engage in the future in one or more child-victim oriented offenses." A violation of R.C. 2905.02, the statute governing the offense of abduction, is a child-victim oriented offense when (1) the offender is 18 years of age or older; (2) the victim is less than 18 years old; and (3) the victim is not the child of the offender. See R.C. 2950.01(S)(1)(a)(i). The evidence must be clear and convincing that an offender is a childvictim predator; i.e., that the offender has committed a child-victim oriented offense and is likely to reoffend in the future. R.C.2950.091(B)(4).
 {¶ 6} "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger (2001),91 Ohio St.3d 158, 164, citing Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 7} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Ford v. Osborne (1887),45 Ohio St. 1, paragraph two of the syllabus. In making a determination as to whether an offender is a child-victim predator, the trial court must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(3). See R.C.2950.091(B)(3). These factors include:
 {¶ 8} "(a) The offender's * * * age;
 {¶ 9} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all [child-victim oriented][2] offenses;
 {¶ 10} "(c) The age of the victim of the [child-victim] oriented offense for which sentence is to be imposed * * *;
 {¶ 11} "(d) Whether the [child-victim] oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 12} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the [child-victim] oriented offense or to prevent the victim from resisting;
 {¶ 13} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense was a sex offense or a [child-victim] oriented offense, whether the offender * * * participated in available programs for [child-victim] offenders;
 {¶ 14} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 15} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the [child-victim] oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 16} "(i) Whether the offender * * *, during the commission of the [child-victim] oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 17} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." Id.
 {¶ 18} When considering these statutory factors, a trial court is to "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson
(2001), 92 Ohio St.3d 584, 588, quoting State v. Eppinger,91 Ohio St.3d at 166. Nonetheless, the trial court is not required to "tally up or list the statutory factors in any particular fashion." See State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375, at ¶ 27.
 {¶ 19} In classifying appellant as a child-victim predator, the trial court meticulously discussed each of the above-referenced factors and its relevance to its decision. Those factors that weighed in favor of the classification included the appellant's age at the time of the offense, his prior criminal record, the victim's age and the results of the Sexual Predator Evaluation performed by the Court Psychiatric Clinic. The court stated:
 {¶ 20} "* * * The Court finds one (sic) factor that was in favor of the State: A, the age of [appellant]. According to the Static-99 test, he's likely to reoffend due to his age. Prior criminal record of [appellant] is also in favor of the State in this case. In particular, case 419022, he was found guilty in, believe, four counts of pandering sexually oriented material involving children. That is certainly a key conviction that's relevant to this case. As well as the public indecency conviction from 1997, the report indicates that, indeed, police officers found [appellant] engaging in sex with a woman who was seven months pregnant and that he did have a condom on at the time that he was at the police station, despite his testimony today.[3] The Court would find the — the conviction and the underlying facts as outlined by the police officer in the report are more convincing than his statements.
 {¶ 21} "The victim's age is a factor — again, is a factor in favor of the State and its request to have the Court determine that [appellant] is a child victim predator. [The victim] was age 12.
 {¶ 22} "The Court has noted the testimony of the officer that this Cleveland State University matter (sic) involving the downloading of computer images, these were images of minors and children and, as the prosecutor noted, they did involve different sexual positions and sexual contact between children. So both the age of the victim in this instance his — and in his prior conviction were significant in that they dealt with minors and children."
 {¶ 23} The court thereafter discounted the significance of factors set forth in R.C. 2950.03(B)(3)(d), (e), (h) and (i), but found significant the factors set forth in subsections (f), (g) and (j). Subsection (f) is directed at prior convictions and completion of sentence, among other things. The court found this factor relevant because appellant did not complete his sentence of community control sanctions for the pandering-sexual-material conviction and "was found to be a violator three times before the Court terminated and imposed his original sentence."
 {¶ 24} Subsection (g) is directed at the mental health of the offender. After determining that previous evaluations for sanity and competency found appellant "sane and able to assist in his defense * * *", the court continued:
 {¶ 25} "There's nothing to indicate in this case that he was not competent at the time of the act or sane for purposes of assisting his defense. The Court does note that he is — on occasion, has been noncompliant with his medication. I believe he suffers from paranoia, schizophrenia, but the noncompliance is something that he controls and he makes that choice."
 {¶ 26} It was not until the court discussed and considered the last factor set forth in R.C. 2950.03(B)(3), the "any other contributing behavioral characteristics" factor contained in subsection (j), that the court discussed in more detail the results of psychological testing performed as part of the Sexual Predator Evaluation. The court stated:
 {¶ 27} "Other contributory behavior or characteristics of the offender that the Court finds relevant, he previously has an offense of violence, felonious assault, which involved rather unpredictably a stabbing. He also ha[s], as his nature, I guess, denials of any offenses when they occur, both in the Cleveland State instance — in this instance, as well as the public indecency conviction. [Appellant] has consistently denied any involvement and suggests that others are somehow involved or that the situation is not what is appears to be.
 {¶ 28} "There are other contributory behavioral characteristic[s] of the offender that are relevant. There's been a provisional diagnosis of pedophilia. Also, he was evaluated on November 20th, 2003, three months or so after this offense, and on the Static-99 test he was found to have a high probability of a high risk for reoffending. On the Abel Assessment he was found to have a significant sexual interest in eight to ten-year old females and males."
 {¶ 29} Without any further reference to the psychological test results, the court continued:
 {¶ 30} "Taking all of these things together, the Court finds by clear and convincing evidence that, in fact, [appellant] is a child victim predator; that is[,] one who has been convicted of or pleaded guilty to committing a child-victim oriented offense and is likely to engage in the future in one or more child-victim oriented offenses." Addressing appellant, the court stated:
 {¶ 31} "* * * [Y]our history of porn — viewing pornography and downloading pornography which involves minors and young children, as well as your failure to adapt to what most people would consider sexual norms, in that you would have sex with a prostitute outside in the afternoon in public, as well as the — the risk factors that have been identified by the — the expert for the Court and the Court's evaluation, those and all the other evidence that's been presented today to the Court lead the Court to the determination that you are, in fact, a child victim predator."
 {¶ 32} Appellant, nonetheless, places great weight on the court's finding that consideration of subsection (H) militates in his favor. In discussing this factor, the court stated:
 {¶ 33} "Whether the nature of the offender's conduct in a sexual sense with the victim or (sic) was of a sexual sense with this victim, in this instance that factor weighs in favor of [appellant]. Apparently this abduction, which appeared in the open on a city street was of a relatively brief duration in actual restraint of the victim, only about ten seconds. He didn't make any remarks to her that were of a sexual nature, just that he had something here for you in a bag and there was no indication of what was in the bag; the bag was never recovered. So in this sense the Court does not find that the — the conduct was of a sexual nature with the victim."
 {¶ 34} Appellant argues that he "has been found to be a sexual predator for an act that the finder-of-fact has determined to be non-sexual in nature." He thereafter concludes that the only basis for this finding is "clearly the tests." We disagree.
 {¶ 35} As can be surmised from the transcript excerpted above, the court considered the relevance of each and every factor before classifying appellant as a child-victim predator. It is true that the psychological test results were discussed where relevant. We acknowledge that these tests have been used by the courts in predicting recidivism rates for sexual predators in general, not necessarily child-victim predators. This may be due, in part, to the relative recent enactment of the child-victim predator classification; to wit, July 31, 2003. Nonetheless, it is apparent to this court that the trial court considered factors other than the psychological test results. Indeed, it placed great weight on appellant's prior convictions, most notably the conviction for pandering sexual material involving a minor.
 {¶ 36} It is true that the court found the instant offense to be non-sexual in nature, but it is the underlying conviction for a child-victim oriented offense — in this case, abduction — that serves as the basis for the child-victim predator classification. The abduction offense need not be sexual in nature in order to satisfy the definition of "child-victim oriented offense." Indeed, R.C. 2905.02 governs abduction and provides that "[n]o person, without privilege to do so, shall knowingly * * * by force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear * * *." There merely need be a violation of this statute by a person 18 years old or older involving a victim who is less than that age and who is not the offender's child in order to qualify as a child-victim oriented offense. See R.C. 2950.01(S)(1)(a)(i).
 {¶ 37} Here, appellant was 29 years old at the time of the offense; the victim was 12 years old and was not the appellant's child. Appellant was convicted for abduction, a child-victim oriented offense within the definition of R.C.2950.01(S)(1)(a)(i). As a child-victim oriented offense, the trial court was required to determine whether appellant was likely to engage in the future in one or more child-victim oriented offenses. After meticulously considering the relevancy of each and every factor required under the statute, we agree with the trial court that there existed clear and convincing evidence that appellant was likely to engage in a child-victim oriented offense in the future. His most recent conviction for pandering sexual material involving minors, as well as other prior convictions, combined with his psychological test results, contributed to the trial court's decision to classify him as a child-victim predator.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Rocco, J., Concur.
[1] The Static-99 is "an actuarial instrument designed to assess the risk for sexual re-offending," according to the Sexual Predator Evaluation report completed by psychologist Michael D. Aronoff, Psy.D.
[2] R.C. 2950.091(B)(3) directs a court to construe references to "sexual offense" or "sexually oriented offense" contained within R.C. 2950.09(B)(3) as "child-victim oriented offense" and references to "sexual offenders" as "child-victim offenders."
[3] Appellant not only denied this act, but he denied having been at the police station and having to remove a condom while there. His position was that it could have been someone else or he could have been urinating outside.