DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Damian Colon, appeals from the judgment entry of the Lorain County Court of Common Pleas, which classified him as a child-victim predator. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4); one count of rape, in violation of R.C. 2907.02(A)(1)(b); one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1); one count of attempted rape, in violation of R.C.2923.02(A) and 2907.02(A)(1)(b); and one count of abduction, in violation of R.C. 2905.02(A)(2). The State filed a bill of particulars as to the charges. The victims were two girls, twelve and thirteen years old at the time of the offenses. Appellant ultimately pled guilty to all five counts in the indictment.
 {¶ 3} On June 10, 2004, the trial court sentenced appellant to an agreed prison term of four years on the five counts. The trial court further classified appellant as a child-victim predator the same day after a sexual offender classification hearing. Appellant timely appeals the classification, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The Judgment of the Court is contrary to law because the trial court's determination that appellant is a Child-Victim Predator was not based upon clear and convincing evidence and was contrary to the Ohio Supreme Court's holding in State v. Eppinger (2001), 91 Ohio St.3d 158."
 {¶ 4} Appellant argues that the trial court erred in classifying him as a child-victim predator, because the State failed to prove by clear and convincing evidence that appellant is likely to engage in one or more sexually oriented offenses in the future. Specifically, appellant argues that a conviction for one sexually oriented offense is not sufficient in this case to support a finding by clear and convincing evidence that appellant is likely to reoffend. Even assuming that appellant is challenging his child-victim predator classification on the basis that the State failed to present clear and convincing evidence that appellant is likely to engage in one or more child-victim, rather than sexually, oriented offenses in the future, this Court disagrees.
 {¶ 5} In reviewing the trial court's classification of a defendant as a childvictim predator, this Court adopts the clearly erroneous standard of review. See State v. Sees, 9th Dist. No. 21199, 2003-Ohio-249. Therefore, this Court will not reverse the child-victim predator classification, if there is "some competent, credible evidence" to support the trial court's determination that there is clear and convincing evidence that such classification is appropriate. Sees.
 {¶ 6} R.C. 2950.01(U)(1) defines "child-victim predator" as a "person [who] has been convicted of * * * a child-victim oriented offense and is likely to engage in the future in one or more child-victim oriented offenses." Pursuant to R.C. 2950.01(S)(1)(a)(i), a violation of R.C.2905.02, which governs the offense of abduction, constitutes a child-victim oriented offense, when the offender is eighteen years of age or older and the victim is under eighteen years of age and is not the child of the offender. While the State must prove, pursuant to R.C.2950.091, that the offender is a child-victim predator by clear and convincing evidence, this Court reviews that determination under a clearly erroneous standard of review. Sees.
 {¶ 7} Pursuant to R.C. 2950.091(B)(3), in making a determination whether an offender is a child-victim predator, the trial court must consider all relevant factors, including, but not limited to, all of the factors enumerated in R.C. 2950.09(B)(3) regarding sexual predator hearings. R.C. 2950.091(B)(3) continues:
"* * * all references in the factors so identified in [R.C.2950.09(B)(3)] to any `sexual offense' or `sexually oriented offense' shall be construed for purposes of this division as being references to a `child-victim oriented offense' and all references in the factors so identified to `sexual offenders' shall be construed for purposes of this division as being references to `child-victim offenders.'"
The factors in R.C. 2950.09(B)(3) include:
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all [child-victim oriented] offenses;
"(c) The age of the victim of the [child-victim] oriented offenses for which sentence is to be imposed * * *;
"(d) Whether the [child-victim] oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the [child-victim] oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to, * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a [child-victim] oriented offense, whether the offender * * * participated in available programs for [child-victim] offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the [childvictim] oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the [childvictim] oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 8} Appellant relies on State v. Eppinger (2001), 91 Ohio St.3d 158, for the proposition that an offender's commission of one sexually oriented offense does not necessarily indicate that the offender is likely to engage in the future in one or more sexually oriented offenses.[1] This Court finds that appellant's reliance on Eppinger is misplaced. While the Eppinger court recognized that, under certain circumstances, "one sexually oriented conviction, without more, may not predict future behavior[,]" the court further observed that "it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, 91 Ohio St.3d at 162, 167. This Court finds the Supreme Court's observation relevant within the context of child-victim oriented offenses, as well. Therefore, this Court rejects appellant's argument that he may not be classified as a child-victim predator, where he has no prior convictions for child-victim oriented offenses.
 {¶ 9} In the trial court's consideration of the relevant statutory factors, the trial court must "`discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.'" State v. Cheetham, 8th Dist. No. 84193, 2004-Ohio-6013, at ¶ 18, quoting State v. Thompson (2001),92 Ohio St.3d 584, 588. The trial court need only consider the relevant statutory factors; it need not demonstrate every factor before it may classify an offender as a child-victim predator. State v. Taylor, 9th Dist. No. 21022, 2002-Ohio-5044, at ¶ 27; State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 24.
 {¶ 10} In this case, the trial court found that appellant was 28 years old, while the two victims were 12- and 13-year old girls. R.C.2950.09(B)(3)(a), (c) and (d). While the indictment does not identify the specific victim in the abduction count, the bill of particulars indicates that the count could be applicable to either victim. There is no dispute that appellant pled guilty to the indictment, with knowledge of the bill of particulars.
 {¶ 11} The trial court further considered appellant's prior criminal record regarding all offenses, including the current convictions for rape, attempted rape, and two counts of gross sexual imposition, involving the 12- and 13-year old victims. R.C. 2950.09(B)(3)(b). In regard to this factor, the trial court also considered that appellant was on parole, and likely in violation of the terms of his parole, at the time of the commission of the five offenses.
 {¶ 12} The trial court considered appellant's alcohol consumption at the time of the commission of the abduction and appellant's attempt to induce the victims to drink with him. R.C. 2950.09(B)(3)(e).
 {¶ 13} There was no evidence for the trial court to consider in regard to R.C. 2950.09(B)(3)(f), (g) or (i), and the court made no findings in regard to these factors.
 {¶ 14} The trial court, however, further considered the nature of appellant's sexual conduct, sexual contact and interaction in a sexual context with the victims, noting appellant's convictions for both rape and gross sexual imposition in regard to the minor victims. R.C.2950.09(B)(3)(h). In this regard, the trial court did not find that appellant had demonstrated a pattern of abuse in regard to the victims.
 {¶ 15} Finally, the trial court found that the two child victims were in their own bedroom in their own home at the time of the commission of the child-victim oriented offense and the sexual assaults. R.C.2950.09(B)(3)(j). This Court notes that one victim was a guest in the other's home, and that the two girls were sleeping in the bedroom of one victim's brother, because that bedroom had a larger bed to accommodate the two girls. Nevertheless, this Court takes well the trial court's inherent finding that the victims were in an environment in which they could reasonably expect to remain safe.
 {¶ 16} Based on the record as a whole, this Court finds that the trial court's classification of appellant as a child-victim predator was supported by competent, credible evidence. There is competent, credible evidence to indicate that the State met its burden of proving by clear and convincing evidence that appellant is likely to commit in the future one or more child-victim oriented offenses. Consequently, appellant's sole assignment of error is overruled.
 III. {¶ 17} Appellant's sole assignment of error is overruled. The judgment entry of the Lorain County Court of Common Pleas, classifying appellant as a child-victim predator is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur.
[1] Appellant consistently argues against his classification as a child-victim predator in terms of sexually oriented offenses, rather than child-victim offenses. Nevertheless, this Court considers his arguments within the proper context of child-victim oriented offenses.