JOURNAL ENTRY AND OPINION
{¶ 1} In March 2004, defendant-appellant, Michael Edwards, entered a guilty plea to rape in Case No. 440683, and to breaking and entering and theft in Case No. 441231. At the sentencing hearing, the trial judge sentenced him to seven years incarceration on the rape charge, and nine months each on the breaking and entering and theft offenses, to be served concurrently. The trial judge also determined that he is a sexual predator.
 {¶ 2} Edwards now appeals the trial court's determination that he is a sexual predator. He contends that the evidence adduced at the sexual offender classification hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator. In addition, he argues that the trial court did not discuss the appropriate factors on the record in making its determination. Finding merit to Edwards' appeal, we vacate the judgment of the trial court classifying Edwards as a sexual predator and remand this matter to the trial court with direction to label this offender a sexually oriented offender as provided by law, and to make a finding that he is not an habitual sexual offender. SeeState v. Gopp, 154 Ohio App.3d 385, 2003-Ohio-4908, at ¶ 11; State v.Hardy, Summit App. No. 21788, 2004-Ohio-2242, at ¶ 6, quoting State v.Rhodes, Belmont App. No. 99 BA 62, 2002-Ohio-1572, at ¶ 41.
 {¶ 3} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163, citing R.C. 2950.01(E) and2950.09(B)(3). (Emphasis in original).
 {¶ 4} "The sexual predator determination requires * * * evidence the offender is likely to engage in the future in one or more sexually oriented offenses. Not only must it be probable (more likely than not) that such a future offense will occur, but such likelihood must be proven by the heightened standard of clear and convincing evidence." State v.Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770. In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future." Id. at 10.
 {¶ 5} Where the proof must be clear and convincing, an appellate court examines the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 6} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C.2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense, whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 7} The trial court is to consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson (2001),92 Ohio St.3d 584, 588, 2001-Ohio-1288; see, also, State v. Othberg,
Cuyahoga App. No. 83342, 2004-Ohio-6103, at ¶ 18. Nevertheless, the trial court is not required to "`tally up or list the statutory factors in any particular fashion.'" State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293, at ¶ 7, quoting State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86,89.
 {¶ 8} At the sexual offender classification hearing in this case, the State presented a sexual predator evaluation completed by Dr. George W. Schmedlen, a psychologist with the Court Psychiatric Clinic, shortly before the hearing. The report indicated that Schmedlen had interviewed Edwards for approximately one and onehalf hours and had given him the Static-99 Test, an actuarial instrument used to assess the risk for sexual reoffending. Edwards' score on the Static-99 was in the low-medium risk category, which equated to an actuarially-determined recidivism rate of 26% in five years, 31% in ten years and 36% in 15 years. Schmedlen's report also indicated that although Edwards presented with three risk factors significantly correlated with sexual offense recidivism, he did not present with any of six other factors associated with sexual offense recidivism.
 {¶ 9} The State also presented a presentence investigation report completed by the Probation Department. This report listed Edwards' prior arrests and convictions, including a domestic violence charge in 2003, of which the disposition is unknown, and a conviction in 1992 for aggravated robbery and felonious assault. The victim's statement regarding the 1992 aggravated robbery and felonious assault, presented by the State at the hearing, indicated that Edwards came up behind the victim as she was walking and knocked her to the ground. The victim reported that Edwards then "just kept hitting and kicking" her so she would let go of her purse.
 {¶ 10} The State also presented the statement of Tamika Moss, the 25-year-old victim of Edwards' rape offense. Moss reported that she, her friend and Edwards were in her friend's apartment late one evening. After the friend left, Edwards and Moss, who were sitting near each other on the floor, began talking about sex. When Edwards asked Moss if he could have sex with her, Moss reportedly told him no. He began kissing her between her legs and then rolled her over and anally raped her. Moss stated that Edwards did not cause her any bodily harm other than the rape, but she was afraid because Edwards "had an angry look on his face" and told her she "better just lay there and take it."
 {¶ 11} In finding Edwards to be a sexual predator, the trial judge noted that she had considered the sexual predator evaluation. She noted further that the victim was a stranger to Edwards, he used force in committing the rape and "does not take responsibility for his actions." The court also noted that Edwards had been convicted of prior crimes and although none had involved sex offenses, some were violent in nature, including the assault charge. The trial judge also noted that Edwards' "relationships have been relationships without commitment. He has fathered five children with no commitments to any of the mothers of any of those children." The trial judge also found that although Edwards did not have a current substance abuse problem, it remained a risk for him. The trial judge concluded:
 {¶ 12} "The court, looking at the totality of the circumstances, finds that it is clear and convincing that this defendant may indeed offend in a sexual manner again and, therefore, will find him to be a sexual predator."
 {¶ 13} Whether a defendant "may indeed" reoffend in the future is not the standard for a sexual predator determination, however. Rather, the evidence must be clear and convincing that the defendant "is likely" to engage in another sexually oriented offense. After reviewing the record and applying the factors listed in the statute, we conclude that the evidence does not clearly and convincingly support a sexual predator determination in this case. The first factor set forth in R.C.2950.09(B)(3) is the offender's age. Edwards was thirty-nine as of the date of the hearing. As noted in the psychiatric evaluation, offenders under the age of twenty-five are more prone to sexual offense recidivism. Accordingly, this factor does not support a sexual predator determination.
 {¶ 14} The next factor is the victim's age. Moss was twentyfive years old at the time of the rape. As this court noted in State v. Chancellor,
Cuyahoga App. No. 80321, 2003-Ohio-4932, the statute addresses the age of the victim to especially protect children who are victims of sexual offenses. Therefore, this factor, as applied to Edwards, does not favor the sexual predator classification. Furthermore, although the State asserted at the hearing that the victim was "educationally-challenged," there is no evidence in the record to support this assertion.
 {¶ 15} Other factors listed in the statute similarly do not support a sexual predator determination: there was only one victim in this case, R.C. 2950.09(B)(3)(d); Edwards did not use drugs or alcohol to impair the victim's resistance, R.C. 2950.09(B)(3)(e); Edwards has no history of mental illness, R.C. 2950.09(B)(3)(g); and the rape was not part of a demonstrated pattern of abuse. R.C. 2950.09(B)(3)(h).
 {¶ 16} Moreover, although the trial judge relied on Edwards' prior criminal convictions in finding him to be a sexual predator, R.C.2950.09(B)(3)(b), a thorough review of the record reveals that although Edwards has a criminal history, none of his previous convictions were sexual in nature. Furthermore, although the victim in Edwards' 1992 assault conviction reported that Edwards kept hitting and kicking her until she gave up her purse, we find nothing to suggest that his motive for doing so was sexual in nature; indeed, the victim's statement implies that Edwards' motive was theft. See, e.g., State v. Chancellor, Cuyahoga App. No. 80321, 2003-Ohio-4932 (victim's statement that defendant "kept hitting me asking where's the money" implied that motive was theft; not sexual gratification). Likewise, although the presentence investigation report indicates a domestic violence charge in 2003, there is no other information in the record regarding the charge or its disposition and, thus, nothing to suggest that the motive for this offense was sexual in nature. Accordingly, we find nothing in Edwards' prior convictions to particularly support a sexual predator classification, or to cause the court to find him to be an habitual sexual offender.
 {¶ 17} Likewise, we do not find it relevant to a sexual predator determination whether Edwards has fathered children with women he has not married or with whom he no longer has a relationship. Although this may indeed be a "behavioral characteristic" of Edwards, see R.C.2950.09(B)(3)(j), the trial judge failed to explain how this behavioral characteristic is relevant to whether Edwards is likely to sexually reoffend in the future, and we find no correlation between this behavior and a sexual predator determination.
 {¶ 18} As this court stated in State v. Arthur (Aug. 16, 2001), Cuyahoga App. No. 77770:
 {¶ 19} "Predicting the future is subject to uncertainty. We do not require unattainable perfection. But, even within the limits attendant to that task, the evidence must furnish a basis for logically choosing between two alternative possibilities. The clear and convincing standard does not permit mere conjecture or speculation."
 {¶ 20} Here, the trial court's conclusion, on this evidence, that Edwards "may indeed" sexually reoffend in the future is nothing more than speculation. On this record, there is not clear and convincing evidence to support "a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future," Arthur, supra, nor is there any evidence that he is an habitual sexual offender.
 {¶ 21} Accordingly, the judgment of the trial court classifying Edwards as a sexual predator is vacated. "This vacation of the sexual predator status does not in any way change the fact that the appellant is a sexually oriented offender as a matter of law." State v. Grider
(2001), 144 Ohio App.3d 323, 327.
 {¶ 22} In light of our resolution of appellant's first assignment of error, we need not consider his second assignment of error. See App.R. 12(A)(1)(c).
Vacated; remanded to the trial court to enter an order that appellant is a sexually oriented offender, but not an habitual sexual offender.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Gallagher, J., dissents with separate dissentingopinion.
 DISSENTING OPINION