JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant appeals from the orders of the trial court that first denied his motion to withdraw his pleas of guilty to two sexually oriented offenses and later classified him as a sexual predator.
 {¶ 2} Appellant presents three assignments of error. He asserts that the trial court abused its discretion in refusing to permit him to withdraw his pre-sentence motion to withdraw his plea, that the decision to classify him as a sexual predator lacks an adequate basis in the evidence, and that Ohio's sexual offender classification scheme is unconstitutional.
 {¶ 3} A review of the record reveals appellant's first assignment of error cannot be considered because it is untimely. Similarly, appellant's third assignment of error has been waived because it was not presented below. Finally, this court cannot agree the trial court's classification is unsupported; therefore, appellant's third assignment of error is overruled. The trial court's orders, accordingly, are affirmed.
 {¶ 4} Appellant originally was indicted in this case in January 2004 on five counts of gross sexual imposition in violation of R.C. 2907.05. Count one listed the victim's age as eleven and set forth the date of the offense as between August 7, 2001 and September 1, 2001. Counts two through four charged appellant with having committed the offense by force upon the same victim on three days in November 2003. Count five listed a different victim, aged forty, and charged appellant with having committed the offense by force sometime in the middle of 2002.
 {¶ 5} Although he entered pleas of not guilty to the charges at his arraignment, on June 24, 2004 appellant entered into a plea agreement with the state. The trial court held a hearing on the matter. In exchange for the state's dismissal of counts two through four and its amendment of count five to the lesser-included misdemeanor offense of sexual imposition, appellant entered guilty pleas to count one and the amended count five. The trial court conducted a careful colloquy pursuant to Crim.R. 11(C) prior to accepting appellant's pleas. It then referred appellant for a presentence report.
 {¶ 6} Appellant's case was called for sentencing on July 20, 2004. At that time, appellant notified the court he wanted to withdraw his pleas of guilty. Appellant told the court his family had pressured him to enter the plea so that the case would be over, but that he actually was innocent of the charges. He asserted his brother-in-law would admit on the record his guilt of the crimes.
 {¶ 7} The trial court, however, ascertained appellant had entered the pleas to obtain a much-lesser potential penalty, and refused to permit appellant's brother-in-law to make any statements. The trial court thus denied appellant's request to withdraw his pleas of guilty. Proceeding to sentencing, the court sentenced appellant on count one to a term of five years of conditional community control. Appellant was sentenced to sixty days in jail on count two, but the sentence on that count was suspended; appellant was placed on five years of probation to be served concurrently with the term of community control imposed on count one.
 {¶ 8} At the conclusion of the sentencing hearing, the state requested a sexual classification hearing for appellant. The trial court granted the request, referred appellant to the court clinic for a psychiatric assessment, and set the classification hearing for August 24, 2004.
 {¶ 9} The hearing proceeded as scheduled. After the parties stipulated to the findings contained in the psychiatric report, the court listened to the arguments of counsel, then set forth its consideration of the evidence in light of the statutory factors. Based upon its analysis, the trial court classified appellant as a sexual predator.
 {¶ 10} Appellant filed his notice of appeal from the foregoing order. He presents three assignments of error as follows.
 {¶ 11} "I. The court erred by denying appellant's motion to withdraw his guilty plea (sic) and by failing to conduct an evidentiary hearing on the motion.
 {¶ 12} "II. The court erred by adjudicating Mr. Lopez a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence the likelihood to engage in the future in a sexually oriented offense.
 {¶ 13} "III. R.C. 2950.01, et seq., as amended by Senate Bill 5 and applied to Mr. Lopez violates Article I, Section I of the Ohio Constitution as an unreasonable infringement upon Mr. Lopez's personal liberties."
 {¶ 14} In his first assignment of error, appellant challenges the trial court's decision to deny his motion to withdraw his pleas of guilty to count one and the amended count five of the indictment. This court cannot consider his challenge because it is untimely.
 {¶ 15} The record demonstrates appellant's motion was denied during his sentencing hearing. Appellant, however, filed neither a notice of appeal from the order of sentence within the 30-day jurisdictional requirement set forth in App.R. 4(A), nor a motion for a delayed appeal pursuant to App.R. 5(A). Without a timely notice of appeal from the order challenged, this court lacks jurisdiction to consider it. State v.Thompson, Cuyahoga App. No. 82274, 2003-Ohio-4405; State v. Starcic (June 4, 1998), Cuyahoga App. No. 72742.
 {¶ 16} Since the original order of sentence was a final appealable order, and appellant failed to appeal that order, this court cannot consider appellant's first assignment of error. State v. Thompson,
supra.
 {¶ 17} Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Similarly, the record reflects appellant never challenged in the trial court the constitutionality of Ohio's sexual predator laws. He thus waived the argument he presents in his third assignment of error, and it is consequently overruled. State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 19} Appellant argues in his second assignment of error that the trial court's classification of him as a sexual predator lacks an adequate evidentiary basis. The record, however, does not support his argument.
 {¶ 20} At a sexual classification hearing, the state is required to prove by clear and convincing evidence that the offender has not only been convicted of a sexually oriented offense, but also that the offender islikely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247. (Emphasis added.)
 {¶ 21} "Clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. (Emphasis added.)
 {¶ 22} "Likely," on the other hand, according to Webster's New Collegiate Dictionary, Seventh Edition, "means such as [either] may be or may become * * * actual;" it differs from the word "probable" in that "probable applies to what is supported by evidence that is strong but not conclusive." Thus, the word "likely differs from [the word] probable in implying either more superficial or more general grounds for judgment or belief."
 {¶ 23} In making its determination as to whether a risk of future sexual reoffense is "likely," the trial court must consider all relevant factors listed in the statute, but is neither required to "tally up or list the statutory factors in any particular fashion," nor required to find that each statutory factor is met. State v. Ford, Cuyahoga App. No. 83683, 2004-Ohio-3293. The court is required, however, to discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of the offender's recidivism.State v. Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288.
 {¶ 24} In reviewing the trial court's decision at the hearing, the appellate court must examine the record to determine whether the evidence upon which the trial court relied is clear and convincing. State v. Ford,
supra. It is appellant's responsibility to ensure an adequate record is provided for purposes of appeal. App.R. 9(B); State v. Admire, Cuyahoga App. No. 80249, 2002-Ohio-3267.
 {¶ 25} The record in this case demonstrates the trial court ordered two reports to be prepared relating to appellant, viz., a presentence report, and a sexual predator evaluation of appellant for the classification hearing. The trial court mentioned appellant's criminal record at the sexual predator hearing; according to the court, appellant had prior convictions for "narcotic drugs" and a conviction for domestic violence.
 {¶ 26} Furthermore, the parties stipulated to both the contents of the psychiatric evaluation and its conclusions. The trial court referred to the foregoing evaluation extensively during its discussion of the likelihood of appellant's recidivism. However, no one requested either that this report be made an exhibit or this report be included in the record. Consequently, in discussing appellant's second assignment of error, this court must be guided by what appears in the transcript and by the presumption of regularity of the proceedings below. Columbus v.Hodge (1987), 37 Ohio App.3d 68.
 {¶ 27} The trial court stated it considered the portion of the evaluation known as the "Able Assessment" to be the most valuable tool for predicting appellant's future proclivities. The court commented that appellant's scores on the scales that measured cognitive distortion and "social desire validity" caused concerns because they indicated appellant used "greater justification" for his actions while displaying "a higher need to * * * deny violations of common social mores * * *."
 {¶ 28} As to the particular scoring system that purported to measure such potential, appellant had a "low to moderate range of reoffending" sexually within five years; the trial court, however, indicated it "questioned" the relevancy of this test. Appellant also scored "high in the Denier Probability range," which meant he "matched [the responses] of individuals who have attempted to conceal having offended against children."
 {¶ 29} In view of appellant's scores and the facts that appellant had committed sexual offenses on multiple victims of "highly varying ages" and was still of an age to be sexually active for many more years, the trial court determined he was likely to reoffend. It thus classified appellant as a sexual predator.
 {¶ 30} Based upon the limited record on appeal, this court is reluctant to substitute its opinion for that of the trial judge, who had the opportunity to observe appellant and to peruse the psychiatric evaluation which the parties stipulated was for the court to consider.State v. Admire, supra; State v. Lowe, Cuyahoga App. No. 82893, 2004-Ohio-367; see also, State v. Cheetham, Cuyahoga App. No. 84193,2004-Ohio-6013; cf., State v. Edwards, Cuyahoga App. No. 84660, 2005-Ohio-2441.
 {¶ 31} It should be noted that in sexual offense cases, casting recidivism potential in terms of a "percent" of reoffending is misleading; it may imply the risk that the perpetrator will reoffend isnot "likely," as set forth in the statutory definition of a sexual predator. R.C. 2950.01(E). The test under which the court must weigh the evidence, however, is whether it is "clear and convincing," thus instilling in the court a "firm belief" that the potential exists. See,State v. Eppinger, supra.
 {¶ 32} The extent of the physical and long-term psychological harm a sexual offender inflicts upon his victim, particularly a child victim, is exponentially greater than that of the perpetrator of a more non-invasive offense. Viewed in the context of the announced purpose of "Megan's Law," therefore, a nearly forty percent chance of committing another rape constitutes a greater "risk" than does a sixty percent chance of committing, for instance, another shoplifting.
 {¶ 33} As this court observed in the case of a claim against an employer for intentional tort, "[w]hile statistical assessments may be helpful * * *, they are not conclusive," because the prediction of risk "involves not only a consideration of the likelihood that harm will occur, but also an assessment of the seriousness of the harm if the risk does come to pass." Padney v. MetroHealth Med. Ctr. (2001),145 Ohio App.3d 759 at 767. In other words, risks differ depending on the potential injury which may occur; consequently, courts "cannot attach decisive significance to statistical risk assessments." Id.
 {¶ 34} Consequently, appellant's third assignment of error also is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Sweeney, J. Concur