JOURNAL ENTRY and OPINION
{¶ 1} Appellant David Meek appeals the trial court's order adjudicating him a sexual predator. He assigns the following errors for our review:
"I. David Meek has been deprived of his right to due process of law by the trial court's order finding him to be a sexual predator, as there was insufficient evidence to prove by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses."
"II. The trial court erred in determining that the appellant was a sexual predator without considering, or placing upon the record, any of the relevant factors codified at R.C. 2950.09(B)(3)."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} Emanating from the sexual abuse of his two biological children, on December 5, 1984, the Cuyahoga County Grand Jury indicted Meek for six counts of rape and seven counts of gross sexual imposition. On September 17, 1985, after a bench trial, the trial court found Meek guilty.
 {¶ 4} On the same day, the trial court sentenced Meek to a total sentence of twenty-to-fifty years. We affirmed said conviction in State v. Meek.[1]
 {¶ 5} On August 22, 1997, the Ohio Department of Rehabilitation and Correction recommended that Meek be classified as a sexual predator. On July 14, 2005, after Meek was paroled, the trial court conducted a sexual predator classification hearing.
 {¶ 6} At the hearing, the State introduced the decision, which affirmed Meek's conviction, and outlined the underlying facts of the case. The evidence indicated that Meek was convicted of sexual offenses against his two biological children. Meek's course of conduct spanned the years 1981 through 1985. When the abuse started, Meek's son and daughter were six and four years old, respectively. The sexual abuse involved masturbation, oral, and vaginal sex, along with the viewing of pornographic materials.
 {¶ 7} The State also presented a sexual predator evaluation completed by Dr. Michael Aronoff, a psychologist with the Court Psychiatric Clinic. The report revealed that Dr. Aronoff interviewed Meek for approximately one-and-one-half hours and had given him the Static-99 Test, an actuarial instrument used to assess the risk for sexual re-offending. Meek's score on the Static-99 was in the low-medium risk category, which equated to an actuarially-determined recidivism rate of 12 percent in five years, 14 percent in ten years and 19 percent in fifteen years.
 {¶ 8} The State informed the trial court that Dr. Aronoff also administered the ABEL Assessment test, a two-part test for Sexual Interest. The first part of the test involved the completion of a questionnaire regarding deviant and inappropriate sexual behavior. The second part of the test involved the viewing of slides of males and females of different ages. The time spent viewing each slide is measured by computer and the visual reaction time component is utilized as an objective measure of sexual interest. Based on the slide presentation of the ABEL Assessment test, Meek appeared to have an interest in both adolescent and adult females, which is considered to be in the normal range.
 {¶ 9} In addition, the State argued that Dr. Aronoff's report discussed the Hanson and Bussiere study, which bases recidivism on ten risk factors. Dr. Aronoff's report indicated that three of the most significant factors were present, namely (1) Meek demonstrated a sexual preference for children, (2) Meek had been arrested for indecent exposure, and (3) one of the victims from the underlying offense was a male child.
 {¶ 10} The State further argued that Meek's institutional records revealed that he was diagnosed as a pedophile while incarcerated. The diagnosis was based on Meek's sexual behavior with his young son and daughter spanning a period of more than three years. Finally, the State indicated the institutional record reveals that Meek believed the sexual conduct between him and his children was mutually desired.
 {¶ 11} At the hearing, Meek's attorney told the trial court that while Meek was in prison, Meek completed several programs including the Polaris Sex Offender Program, Aftercare, and Stress Management. Meek also obtained an Associate degree from Ohio State University and a Bachelor of Arts degree from Ashland University. Meek's attorney stressed that the likelihood of Meek re-offending was low because the result of the Static-99 test was low-to-medium range for recidivism.
 {¶ 12} At the conclusion of the hearing, the trial court classified Meek as a sexual predator.
 Sexual Predator Classification {¶ 13} In the first assigned error, Meek argues the trial court's order finding him to be a sexual predator was not based on clear and convincing evidence. We disagree.
 {¶ 14} R.C. Chapter 2950 defines three classifications of sex offenders: sexual predators, habitual sexual offenders, and sexually-oriented offenders.[2] To earn the designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually-oriented offense and must be found by the Court likely to engage in the future in one or more sexually-oriented offenses.[3]
 {¶ 15} The trial court must determine by clear and convincing evidence that the offender is a sexual predator.[4] Clear and convincing does not mean clear and unequivocal; rather, it refers to "that measure or degree of proof, which will produce in the mind of the trier of the fact a firm belief or conviction as to the facts sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases."[5] As a reviewing court, we must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.[6]
 {¶ 16} R.C. 2950.09(B)(3) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute.
 {¶ 17} Pursuant to R.C. 2950.09(B)(3), in making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the following: the offender's age and prior criminal record, the age of the victim, whether the sexually-oriented offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim, whether the offender has been convicted of any criminal offense and whether that offense was a sexual offense, whether the offender participated in available programs for sexual offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any additional behavioral characteristics that contribute to the offender's conduct.[7]
 {¶ 18} The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator.[8]
 {¶ 19} We conclude the record sufficiently supports Meek's sexual predator classification. First, the court ordered a psychiatric evaluation of Meek. Meek was given a battery of tests. Here, Meek contends that his score on the Static-99 test was in the low-medium risk category, which equated to an actuarially-determined recidivism rate of 12 percent in five years, 14% in ten years and 19% in fifteen years, thus recidivism was unlikely. It should be noted that in sexual offense cases, casting recidivism potential in terms of a "percent" of re-offending is misleading; it may imply the risk that the perpetrator will re-offend is not "likely," as set forth in the statutory definition of a sexual predator.[9] The test under which the court must weigh the evidence, however, is whether it is "clear and convincing," thus instilling in the court a "firm belief" that the potential exists.[10]
 {¶ 20} Although Meek relies heavily on our decision in Statev. Edwards,[11] the facts are readily distinguishable. InEdwards, the distinguishing factor is not the defendant's Static-99 score, but the criminal behavior of the defendant. InEdwards, the defendant engaged in a single act with an adult victim. Here, Meek engaged in a pattern of rape of both his minor children.
 {¶ 21} In the instant case, irrespective of the quantitative results of the tests given to Meek, the trial court expressed the following concerns raised in his psychiatric evaluation:
"The Court: The Court Psychiatric Clinic on Page 7 raises a red flag to the Court as well that with respect to Defendant's explanation of his sexual behavior involving his children, Mr. Meek remarked, I was angry at the time at myself, my wife, indirectly at my children. I was in a situation I couldn't resolve. I was married. I had large mortgage, bills. I felt pressure from my parents to stay married, pressure from work, pressure from the city to fix up my house. I reacted by abusing my children. I escaped into pornography, going to strip clubs, cheating on my wife."[12]
 {¶ 22} Second, the trial court stated that the facts of the case were revolting because over a period of four-to-five years, Meek raped his two young children at least three times per week. The trial court detailed the rapes, which included instructing his daughter to perform oral sex on her brother, while Meek observed the act. Third, in finding that Meek was a sexual predator, the trial court outlined the bases of its decision as follows:
"The Court: Defendant was younger than 38 years at the time these crimes were committed, the victims were of tender age, and it is at least six to seven years old, perhaps younger for the daughter. There were multiple victims, both of whom were children of this Defendant. The pattern of abuse involving multiple sexual acts involved fellatio, intercourse, voyeurism, and masturbatory acts."[13]
 {¶ 23} Based on our review of the record, we conclude that clear and convincing evidence supports the trial court's determination that Meek is a sexual predator. The trial court properly classified Meek as a sexual predator given the nature and circumstances of the offenses for which he was convicted, including two victims, which were his biological children, their tender ages, and the ongoing pattern of sexual abuse. Accordingly, we overrule the first assigned error.
 R.C. 2950.09(B)(3). {¶ 24} In the second assigned error, Meek argues the trial erred in determining that he was a sexual predator without considering or placing on the record any of the relevant factors codified at R.C. 2950.09(B)(3). We disagree.
 {¶ 25} There are essentially three objectives in a "model sexual offender classification hearing": (1) a record must be created for review; (2) an expert may be required to assist the trial court in determining whether the offender is likely to engage in one or more sexually-oriented offenses in the future and, thus, either side should be allowed to present expert testimony; and (3) the trial court should consider the statutory factors listed in R.C. 2950.09(B)(3).[14] We believe that the trial court substantially followed these guidelines.
 {¶ 26} The transcript of the July 14, 2005 hearing creates a record of the evidence upon which each side relied in making its argument. The trial court had before it the results of Meek's psychological evaluation to assist in its determination. Moreover, as we earlier discussed, the judgment that classified Meek as a sexual predator makes clear that the trial court considered the pertinent statutory factors.
 {¶ 27} However, Meek contends that the trial court did not consider all of the relevant statutory factors. Meek maintains that there is no indication that the trial court considered the results of the Static-99 test, the ABEL analysis, or the Hanson and Bussiere study. We are not persuaded. The statute does not require a court to discuss every factor. Rather, a court need only discuss those factors that are relevant in making an adjudication.[15] We conclude in the instant case that the trial court fully considered the relevant statutory factors. Moreover, as stated previously, we believe that sufficient evidence exists in the record to support the trial court's decision to classify Meek as a sexual predator despite the results of the tests. For these reasons, we hereby overrule the second assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
[1] (Sep. 4, 1986), Cuyahoga App. No. 51045.
[2] State v. Cook (1998), 83 Ohio St.3d 404 at 407, 1998-Ohio-291.
[3] R.C. 2950.01(E).
[4] R.C. 2950.09(B)(4).
[5] State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
[6] Cross, supra.
[7] R.C. 2950.09(B)(3)(a) through (j).
[8] State v. Fugate (Feb. 2, 1998), 12th Dist. No. CA97-03-065.
[9] State v. Lopez, Cuyahoga App. No. 85306, 2005-Ohio-3711; R.C. 2950.01(E).
[10] See, State v. Eppinger, supra.
[11] (May 19, 2005), Cuyahoga App. No. 84660, 2005-Ohio-2441.
[12] Tr. at 25-26.
[13] Tr. at 28.
[14] State v. Clark, 4th. Dist. No. 02CA684, 2003-Ohio-1707, citing Eppinger, supra at 166.
[15] Cook, supra at 426.