OPINION
{¶ 1} Plaintiff-appellant, Pam Montgomery ("appellant"), appeals from the June 12, 2006, decision and entry of the Franklin County Court of Common Pleas, which granted a motion filed by defendant-appellee, Lynn Mann ("appellee"), to disqualify appellant's attorney, Arthur G. Wesner ("Attorney Wesner"). Appellant raises the following three assignments of error:
 [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING THAT COUNSEL FOR THE PLAINTIFF SHOULD BE DISQUALIFIED.
 [II.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT A VICTIM IN A THEFT HAD A DUTY TO BEAR THE COSTS AND EXPENSE OF SEEKING, LOCATING, AND RETRIEVING HER STOLEN PROPERTY.
 [III.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT WHEN AN ACTION IS BROUGHT ALLEGING VIOLATION OF A PREVIOUS COURT ORDER, THE ATTORNEYS OF RECORD FOR THE LITIGANTS IN THE PREVIOUS COURT ORDER HAD A DUTY TO EXPLAIN TO THE COURT WHAT THE ORIGINAL COURT ORDER MEANT.
 {¶ 2} The following facts are relevant to this appeal. Appellant leased space at a mobile home park owned and operated by appellee. In 2003, appellee filed a forcible entry and detainer action ("eviction action") in the Franklin County Municipal Court against appellant. On March 13, 2003, by way of judgment entry, the parties resolved that dispute in favor of appellee for restitution of the premises and court costs. That entry also provided, in a handwritten paragraph:
 Plaintiff agrees to forego set-out of defendants until May 31, 2003 provided defendants do not reside in unit and defendants timely pay monthly lot rent of $236.00 for mos of Feb., March, April and May — If defendant fails to sell unit before May 31, 2003, plaintiff may move for immediate set-out w/o need to red tag unit.
 {¶ 3} A dispute subsequently arose between the parties, prompting appellant to file the instant action. In her complaint, appellant alleged that in April 2003, appellee converted appellant's mobile home and personal property, and sought compensatory and punitive damages.
 {¶ 4} On May 17, 2006, appellee moved to disqualify Attorney Wesner from representing appellant pursuant to DR 5-102(A), arguing that Attorney Wesner was a "material witness on more than one issue." (Motion of defendant to disqualify plaintiff's counsel, filed May 17, 2006, at 3.) Appellee explained that correspondence was sent to Attorney Wesner, "instructing Plaintiff where the mobile home was located and encouraging her to pick it up." Id. In appellant's deposition, however, she denied having knowledge of those letters. Thus, appellee argued that "[b]ecause these letters go directly to the claim of conversion and demonstrate that Defendant had no intention of converting the mobile home and further show that Defendant made efforts to make sure that Plaintiff took possession of the mobile home, it will be necessary for [Attorney] Wesner to testify as to receipt of the letters." Id. Appellee further asserted that Attorney Wesner "is a material witness because an issue exists regarding the intent of the parties when they agreed" to the terms of the judgment entry resolving the underlying eviction action. Id.
 {¶ 5} The trial court granted appellee's motion, concluding that DR 5-102 precluded Attorney Wesner's continued representation of appellant because he would "be called upon to provide substantive testimony regarding the facts at issue in the dispute."[1] (Decision at 5.) It explained:
 The Court has considered Defendant's motion for summary judgment and found that there are issues of material fact as to whether Plaintiff complied with the municipal court judgment entry, in part because the agreement was ambiguous as to when Plaintiff was to move from the mobile home. The Court also noted that issues of fact and law exist regarding how the judgment entry impacted the rights of the parties. Although not specifically stated in the Court's decision, the issues of law stem from the ambiguity in the entry as to what action it authorizes Defendant to take in the event Plaintiff does not comply with the judgment entry.
 * * * *
 In this case, Plaintiff's counsel will need to testify. As noted above, the Court has found that the municipal court judgment entry is ambiguous and therefore, parol evidence will need to be submitted to interpret it. See Reide v. Thermal Seal, Inc., Franklin App. No. 02AP-308, 2002-Ohio-6968, at ¶ 29. It is obvious that this parol evidence will consist of the two attorneys who drafted it. Defendant has already indicated that she will call the other attorney involved to testify. Further, whether Defendant provided Plaintiff information about how to retrieve her mobile home is relevant to her defense of Plaintiff's allegations that she converted the property. See Cent. Funding, Inc. v. CompuServe Interactive Serv. (Franklin App. No. 02AP-972), 2003-Ohio-5037 ("In order to prove conversion, the plaintiff must demonstrate: (1) that it demanded the return of the property from the possessor after the possessor exercised dominion or control over the property; and (2) that the possessor refused to deliver the property to its rightful owner.").
 In response to defendant's motion, Plaintiff contends that because Defendant violated the applicable sections of the Revised Code relating to eviction, he will not need to testify because this is per se conversion and communicating the retrieval information to Plaintiff is therefore irrelevant. Plaintiff's position "puts the cart before the horse" in that it assumes the court will adopt her legal theory of this case. At this point in the litigation, the court has not determined what the parties' statutory or other obligations under the municipal court judgment were. These are issues that will need to be raised during trial when the trier of fact considers parol evidence to interpret the judgment entry.
(Decision dated June 12, 2006, at 3-4.)
 {¶ 6} In her first assignment of error, appellant asserts the trial court erred in disqualifying Attorney Wesner because "the discussion between counsel and client on how to react to a certain development in a case and advice given to that client is privileged, [and as such] Attorney Wesner could not have testified in the case even if he were called." (Appellant's brief at 4.)
 {¶ 7} We begin by noting that appellant has failed to cite to any legal authority relative to this assignment of error. As such, she has not met the burden of affirmatively demonstrating error on appeal. App.R. 16(A)(7); State ex rel. Petro v. Gold, 166 Ohio App.3d 371, 392,2006-Ohio-943, appeal not allowed, 110 Ohio St.3d 1439, 2006-Ohio-3862, reconsideration denied, 111 Ohio St.3d 1418, 2006-Ohio-5083. In the interests of justice, however, we will address this assignment of error.
 {¶ 8} A trial court has wide discretion in the consideration of a motion to disqualify counsel. Luce ex rel. N-GEN-TECH, Inc. v.Alcox, Franklin App. No. 05AP-877, at ¶ 8, 165 Ohio App.3d 742, 747, citing Spivey v. Bender (1991), 77 Ohio App.3d 17. When a trial court orders disqualification of a party's chosen counsel, we review that decision using an abuse of discretion standard. Campbell v. IndependentOutlook, Inc., Franklin App. No. 04AP-310, 2004-Ohio-6716; MentorLagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256. An abuse of discretion is more than a mere error of law or judgment; it requires a finding that the court's action is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} In the case sub judice, the trial court based its disqualification of Attorney Wesner upon DR 5-102(B) of the Ohio Code of Professional Responsibility, which addresses counsel's duty to withdraw from representation when he becomes a witness for the opposition.[2]
That rule provides:
 (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
Thus, DR 5-102(B) allows counsel to continue representation "until it is apparent that his testimony is or may be prejudicial to his client."Disciplinary Counsel v. O'Neill (1996), 75 Ohio St.3d 1498. "For testimony to be `prejudicial' within the meaning of the disciplinary rule[s], the projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." United States v. Poulsen (S.D.Ohio Sept. 12, 2006), Case No. CR2-06-129, quoting Renner v. Townsend Fin. Servs. Corp. (S.D.N.Y. May 20, 2002), Case No. 98 Civ. 926 (CSH).
 {¶ 10} In 155 North High, Ltd. v. Cincinnati Ins. Co. (1995),72 Ohio St.3d 423, 427-428, the Ohio Supreme Court outlined the procedure for the trial court to follow in deciding whether a lawyer can continue his representation. First, the court must review the testimony that counsel might present, and determine the admissibility of said testimony without reference to the disciplinary rules. If the court finds the proposed testimony admissible, it must then "consider whether any exceptions to the disciplinary rules are applicable, thus permitting the attorney to testify and continue representation." Id. "It is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary." Waliszewski v. Caravona Builders (1998),127 Ohio App.3d 429, 433. The "necessity" of counsel's testimony "is determined by consideration of factors such as `the significance of the matters, the weight of the testimony, and the availability of other evidence.'" United States v. Poulsen, supra, quoting ParamountCommunications, Inc. v. Donaghy (S.D.N.Y. 1994), 858 F.Supp. 391, 394.
 {¶ 11} Reviewing the totality of this matter, we conclude that the trial court did not abuse its discretion when it disqualified Attorney Wesner from his continued representation of appellant. The trial court correctly determined that Attorney Wesner's proposed testimony, as specified by appellee, was admissible — the first step of the required analysis. See, e.g., Hall v. Tucker, Jackson App. No. 06CA3,2006-Ohio-5895, at ¶ 19 (evidence that proposed testimony would be admissible is the first step of the required analysis). The record discloses that Attorney Wesner negotiated the terms of the judgment entry resolving the underlying eviction action, and given the trial court's determination that the entry was ambiguous, we agree that Attorney Wesner's testimony would be admissible parol evidence of the parties' intent. See, e.g., Klaue v. Ohio Ins. Guaranty, Cuyahoga App. No. 84762, 2006-Ohio-3003, at ¶ 19. In addition, Attorney Wesner admitted to having received correspondence sent to him (as appellant's counsel) from appellee's counsel concerning the location and retrieval of appellant's mobile home; however, appellant (his client) denied having any knowledge of said correspondence or the content of same. Because Attorney Wesner has personal knowledge of the facts relevant to this issue, his proposed testimony would be admissible.
 {¶ 12} Having determined the admissibility of Attorney Wesner's proposed testimony, the trial court then concluded that appellee met her burden by establishing that Attorney Wesner's proposed testimony had the potential to result in prejudice to appellant. We agree. In this case, Attorney Wesner will be called as a material witness on several substantive issues, and his proposed testimony goes to the heart of the defense. Given the nature of Attorney Wesner's proposed testimony and its potentially favorable impact on appellee's defenses to appellant's claims, it is readily apparent that DR 5-102(B) furnishes a basis for his disqualification. See, e.g., Amos v. Cohen, 156 Ohio App.3d 492,2004-Ohio-1265.
 {¶ 13} For these reasons, Attorney Wesner is required, pursuant to DR 5-102(B), to cease his professional participation in this litigation, on behalf of appellant, and the trial court did not abuse its discretion in so ruling. Accordingly, appellant's first assignment of error is overruled. Because this finding is dispositive of this matter, we decline to address appellant's second and third assignments of error. Based on the foregoing, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] Appellee identified Attorney Wesner as a witness in both her initial and supplemental disclosures of witnesses, and stated his anticipated testimony would include, but not be limited to, "Defendant's eviction of the Plaintiff and agreements/admissions made at the eviction hearing, Plaintiff's failure to eliminate/mitigate her damages, Defendant's damages, and other issues relating to the Complaint and Counterclaim." (Defendant's initial disclosure of witnesses, filed May 19, 2004; Defendant's supplemental disclosure of witnesses, filed July 14, 2004.)
[2] In its decision, the trial court referenced DR 5-102, but did not explicitly state it was relying upon DR 5-102(B). It is clear, however, from the trial court's discussion of prejudice resulting from counsel's testimony that it relied upon that subsection. (Decision at 3.)