**[Cite as *Potts v. Veach*, 2024-Ohio-5282.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Derek Potts,                                            :

      Plaintiff-Appellee,                      :

                                                       No. 24AP-157

v.                                                          :            (C.P.C. No. 18JU-11749)

Kaitlyn Veach (n.k.a. Jones),               :            (REGULAR CALENDAR)

      Defendant-Appellant.                   :

                                           :

D E C I S I O N

Rendered on November 5, 2024

**On brief:** *Panico Law Group LLC*, and *Brian Henderson*, for appellee. **Argued:** *Brian Henderson*.

**On brief:** *Aaron M. Jones*, for appellant. **Argued:** *Aaron M. Jones*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Kaitlyn Veach appeals from the February 5, 2024 decision and judgment entry from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting the motion of plaintiff-appellee, Derek Potts, for disqualification of appellant's trial counsel. For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This matter arose within the context of a custody/shared parenting dispute. Specifically, on September 28, 2018, appellee, the father of the minor child at issue in this case, initiated the underlying case by filing a complaint for allocation of parental rights and responsibilities and motion for shared parenting. (Sept. 28, 2018 Compl.) On February 1,

2019, the parties filed a shared parenting plan ("SPP") which includes a provision that "[t]he parties agree that they will not permanently remove their child from Franklin County or contiguous counties without prior consent of the other parent or Court approval." (Feb. 1, 2019 Parents' Plan for Shared Parental Rights and Responsibilities at 4.) On March 14, 2019, the trial court approved the parties' SPP. (Mar. 14, 2019 Decree of Shared Parenting.)

{¶ 3} On September 22, 2023, appellant, the mother of the minor child, filed a notice of intention to relocate to northeast Ohio. (Sept. 22, 2023 Notice of Intention to Relocate.) On October 3, 2023, appellee filed a motion requesting the trial court issue an order modifying the custody and parenting time provisions of the parties' SPP premised upon a substantial change in circumstances. (*See* Oct. 3, 2023 Mot. for Modification.)

{¶ 4} Counsel for appellant, Aaron Jones, is appellant's current husband and the stepfather of the minor child at issue in this case. It is not disputed that Mr. Jones and appellant reside together currently, and thus when appellant has parenting time the minor child also resides with Mr. Jones.

{¶ 5} Appellant and Mr. Jones did ultimately relocate to northeast Ohio. The parties met in Mansfield, Ohio to accomplish pick-ups and drop-offs of the minor child. Prior to the relocation, the minor child was spending half of her time at the home of appellant and Mr. Jones, and half of her time at the home of appellee. The record shows that Mr. Jones has been a part of the minor child's life during all relevant time frames of this matter–indeed, Mr. Jones stated at the hearing on the motion for disqualification that he and appellant have "been together over six years." (Jan. 25, 2024 Tr. at 11.) The parties also have other children together who live in the home of appellant and Mr. Jones.

{¶ 6} On January 11, 2024, appellee filed a motion for disqualification of appellant's counsel. (Jan. 11, 2024 Mot. for Disqualification.) On January 25, 2024, the trial court held an oral hearing on the motion, and on February 5, 2024, the trial court issued its decision and judgment entry granting the motion for disqualification of appellant's counsel.

{¶ 7} On March 4, 2024, appellant timely filed a notice of appeal, which is now before the court.

## II. Assignment of Error

{¶ 8}   Appellant asserts the following as her sole assignment of error for our review:

> The trial court abused its discretion when it granted Appellee,
> Derek Potts', motion to disqualify Appellee's Counsel.

(Sic passim.)

## III. Law and Analysis

### A. Standard of Review

{¶ 9}   "A trial court has wide discretion in the consideration of a motion to disqualify counsel." *Montgomery v. Mann*, 10th Dist. No. 06AP-724, 2007-Ohio-44, ¶ 8, citing *Luce ex rel. N-GEN-TECH, Inc. v. Alcox*, 10th Dist. No. 05AP-877, 2006-Ohio-1209, ¶ 8, citing *Spivey v. Bender*, 77 Ohio App.3d 17 (6th Dist.1991).  When a trial court grants a motion for disqualification of a party's chosen counsel, we review that decision for an abuse of discretion.  *Id.*, citing *Campbell v. Independent Outlook, Inc.*, 10th Dist. No. 04AP-310, 2004-Ohio-6716; *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256 (1987) .

{¶ 10} A trial court abuses its discretion when it exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, ¶ 35.   The term abuse of discretion, " 'commonly employed to justify an interference by a higher court with the *exercise of discretionary power* by a lower court, implies *not merely error of judgment*, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " (Emphasis sic.)  *Id.*, quoting *Black's Law Dictionary* 11 (2d Ed.1910).  An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  A decision is unreasonable if there is no sound reasoning process that would support the decision.  *Katz v. Grossman*, 10th Dist. No. 18AP-503, 2019-Ohio-2582, ¶ 26, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157 (1990). "When applying an abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court."  *Byers v. Robinson*, 10th Dist. No. 08AP-204, 2008-Ohio-4833, ¶ 61.  Thus, " '[a]n abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue *de novo*.' "  *Id.*, quoting *Peterson v. Crockett Constr., Inc.*, 7th Dist. No. 99-CO-2, 1999 Ohio

App. LEXIS *7 (Dec. 7, 1999), citing *Lewis v. Alfa Laval Separation, Inc.*, 128 Ohio App. 3d. 200, 207 (4th Dist.1998).

### B. Discussion

{¶ 11} In her sole assignment of error, appellant asserts the trial court abused its discretion in granting appellee's motion to disqualify appellant's trial counsel based on Rule 3.7 of the Ohio Rules of Professional Conduct. We disagree.

{¶ 12} We begin by observing that the discipline of lawyers falls within the exclusive jurisdiction of the Supreme Court of Ohio. *State ex rel. Buck v. Maloney*, 102 Ohio St.3d 250, 2004-Ohio-2590, ¶ 7-8. Nevertheless, lower courts have the inherent power to disqualify an attorney from acting as counsel in a case where the attorney cannot or will not comply with the Code of Professional Conduct and such action is necessary to protect the dignity and authority of the court. *Mentor Lagoons, Inc.* at 259-60 (1987), citing *Royal Indemnity Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34 (1986) (discussing the former Ohio Code of Professional Responsibility). "This power is distinct from the exclusive authority of the Supreme Court of Ohio over attorney disciplinary proceedings, and does not conflict with such power." *Id.*

{¶ 13} In this case, as previously stated, the trial court granted appellee's motion for disqualification of appellant's counsel based on Ohio Rule of Professional Conduct 3.7, which provides as folows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) The testimony relates to an uncontested issue;
>
> (2) The testimony relates to the nature and value of legal services rendered in the case;
>
> (3) The disqualification of the lawyer would work *substantial* hardship on the client.

(Emphasis sic.)

{¶ 14} In its decision and judgment entry, the trial court specifically found that "Aaron Jones has personal knowledge of the issues at hand which are relevant, material, and unobtainable elsewhere [and] [h]e is likely to be a necessary witness." (Feb. 5, 2024

Decision & Jgmt. Entry at 2.)  The trial court further determined that none of the three exceptions set forth in Rule 3.7 applied.  The trial court found that trial was not scheduled until June 4 (four months later) and appellant had "more than enough time to retain other counsel and prepare for trial" and therefore, appellant's arguments notwithstanding, disqualifying Mr. Jones from continuing his representation of appellant would not work a substantial hardship on appellant.  (*Id.*)

{¶ 15}  We find no abuse of discretion on the part of the trial court in coming to its decision that the motion for disqualification should be granted.  Mr. Jones is likely to be a necessary witness at the trial because he possesses specific, first-hand, and unique knowledge pertaining to several of the best interest factors that the trial court must consider in this matter.  These include, at the very least, the following factors:

> (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
>
> (d) The child's adjustment to the child's home, school, and community;
>
> (e) The mental and physical health of all persons involved in the situation;
>
> (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights.

R.C. 3109.04(F)(1)(c) through (f).

{¶ 16}  As noted previously, Mr. Jones is the minor child's stepfather who resides with appellant full time and with the minor child at least half of the time.  Thus, other than appellant, he is the person who sees the minor child most often under the parties' current schedule.  Further, again as noted previously, appellant and Mr. Jones also have other children together who live in the same home.  Thus, he would have first-hand knowledge of how the minor child is interacting with the other children, their neighbors, and other family members.  Most obviously, as the minor child's stepfather, he alone would have the most direct knowledge regarding his relationship with the minor child–his stepdaughter.  All of these issues bear directly on the trial court's required best-interests analysis in this matter.

Therefore, we agree with the trial court that Mr. Jones is likely to be a necessary witness in this case.

{¶ 17} Furthermore, if Mr. Jones is not disqualified but is permitted to continue his representation of appellant, appellee will be deprived of the opportunity to call Mr. Jones as a witness, either directly or as on cross-examination. Although appellant asserts Mr. Jones' testimony is unnecessary as it would merely be duplicative of her own, we find this assertion wholly unpersuasive.

{¶ 18} Finally, we are in agreement with the trial court that none of the three exceptions set forth in Rule 3.7 apply here. The central issue at hand is the child's school placement, which is a contested issue. Indeed, Mr. Jones conceded at the hearing on the motion for disqualification that he had opinions on where the minor child "is best suited to go to school and who is best suited to be the school placement parent." (Jan. 25, 2024 Tr. at 13.) Therefore, exception (a) does not apply. Neither does (b) apply, because Mr. Jones' testimony will not concern the nature and value of his legal services in this matter. Finally, (c) does not apply because there will be no substantial hardship to appellant because she is free to choose other counsel to represent her in this matter.[1]

{¶ 19} In sum, the trial court's decision to grant the motion of appellee for disqualification of appellant's counsel premised on Rule 3.7 of the Ohio Rules of Professional Conduct was based on sound reasoning and was not otherwise arbitrary or unconscionable. Therefore, the trial court did not abuse its discretion in granting the motion.

{¶ 20} Accordingly, based on the foregoing, we overrule appellant's sole assignment of error.

{¶ 21} Finally, we briefly address appellee's request for attorney fees pursuant to App.R. 23. App.R. 23 states, "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." "An appeal is frivolous when it presents 'no reasonable question for review.' " *Katju v. Bavadekar*, 10th Dist. No. 16AP-325, 2016-Ohio-7970, ¶ 7, quoting *Talbott v. Fountas*, 16 Ohio App.3d 226 (10th Dist.1984). " 'The purpose of sanctions is to

---

[1] We note that the record indicates the trial has been continued pending this court's decision in this matter. We are confident that the trial court will afford appellant adequate time to retain new counsel and prepare for trial after this matter is returned to the trial court.

compensate the non-appealing party for the expense of having to defend a frivolous appeal and to help preserve the appellate calendar for cases that are worthy of consideration.' " *Id.*, quoting *Coburn v. Auto-Owners Ins. Co.*, 10th Dist. No. 09AP-923, 2010-Ohio-3327, ¶ 56. "Merely prevailing in an appeal does not entitle an appellee to an award of fees." *Id.*, citing *Coburn* at ¶ 57.

{¶ 22} Although we affirm the trial court's judgment in this case, we do not find that appellant's assignment of error lacks a reasonable question for review. Therefore, we do not find this appeal to be frivolous. As such, we deny appellee's motion for attorney fees.

## IV. Disposition

{¶ 23} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

MENTEL, P.J. and BOGGS, J. concur.

————————————