[Cite as *Katju v. Bavadekar*, 2016-Ohio-7970.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Vikram Katju, :

      Plaintiff-Appellant, :

                                   Nos.   16AP-325

v. : and   16AP-456
(C.P.C. No. 15DR-3188)

Supriya Bavadekar, :

                                  (REGULAR CALENDAR)

      Defendant-Appellee. :

---

D E C I S I O N

Rendered on December 1, 2016

---

**On brief:** *Sowald, Sowald, Anderson, Hawley & Johnson,* and *Eric W. Johnson,* for appellant. **Argued:** *Eric W. Johnson.*

**On brief:** *The Nigh Law Group, LLC*, and *Elizabeth R. Werner*, for appellee. **Argued:** *Elizabeth R. Werner.*

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Plaintiff-appellant, Vikram Katju, appeals from a March 14, 2016 Judgment Entry – Decree of Divorce ("Divorce Decree"), and the March 30, 2016 Findings of Fact and Conclusions of Law ("Facts and Law"), of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce on the grounds of extreme cruelty in favor of defendant-appellee, Supriya Bavadekar. Appellant also appeals from a May 17, 2016 decision and entry granting appellee attorney fees. Appellee has also filed a motion for attorney fees with this court. For the following reasons, we affirm the judgment of the trial court and deny appellee's motion.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 14, 2016, this action came before the trial court for a hearing on the complaint for divorce filed by appellant on August 23, 2015, and a counterclaim for

divorce filed by appellee on September 22, 2015. The parties stipulated to all matters regarding the termination of their marriage, except the issue of grounds for the divorce. After a hearing on the only contested issue, the court entered a Divorce Decree on March 14, 2016, and awarded a divorce to appellee based upon the finding that appellant was guilty of extreme cruelty. The Divorce Decree was signed and approved by both parties and their respective counsel.

{¶ 3} On March 21, 2016, appellant filed a request for separate Facts and Law. As the only contested issue was that of the grounds for the divorce, the court limited its Facts and Law to said issue and stated, in relevant part to appellant's assignments of error:

> The parties were married January 26, 2015, in California. On August 23, 2015, [appellant] filed a Complaint for Divorce, in which he alleged that [appellee] was guilty of extreme cruelty and gross neglect of duty, and further that the parties were incompatible. In [appellee's] Counterclaim, filed September 22, 2015, she asserted that [appellant] was guilty of gross neglect of duty, fraudulent contract, and extreme cruelty. She further denied that the parties were incompatible in her Answer, filed concurrently with her Counterclaim.

 (Facts and Law at 1.)

> [At the hearing, appellee] testified that it was [appellant] who mistreated her and that his misogynistic behavior included telling her she was "too American" and referring to their residence as "HIS apartment." [Appellee], a pharmacist, moved from New York to Ohio to be with [appellant]. She claimed she then assumed the role of a housewife which included cooking and cleaning for [appellant].

 (Facts and Law at 2.)

> A few months after the parties married, they conceived a child. * * * Sadly, it was confirmed on May 18, 2015 that [appellee] miscarried. Less than twenty-four hours later, [appellant] asked [appellee] for a divorce. [Appellee] experienced severe physical pain on June 15, 2015, when she was "passing" the baby. According to [appellee], [appellant] retrieved prescribed pain medication from the pharmacy for her, threw the medication on the bed in the room where she was lying on the floor, and he then left for two and one-half hours. [Appellant] said he went to a neighboring apartment to take a hot shower. [Appellee] testified that [appellant] offered her no emotional support and that she was completely alone

> while trying to process with the most tragic event of her life. [Appellee] also later discovered that appellant had been recording some of their conversations.

(Facts and Law at 2-3.)

> [T]here was sufficient testimony from both parties to prove [appellee's] claim that [appellant] is guilty of extreme cruelty.
>
> * * *
>
> Here, both parties testified that when [appellee] was "passing" the baby and experiencing extreme pain, [appellant] left her lying on the floor, by herself, for hours. His lack of emotional support for [appellee] throughout the marriage and particularly after she miscarried, is undeniable.
>
> Based on the above, [appellee] is granted a divorce to [appellant] on the grounds of extreme cruelty.

(Facts and Law at 3-4.)

{¶ 4} Appellant filed motions for a restraining order and stay with the trial court. Appellee moved for sanctions and attorney fees for alleged frivolous conduct. On May 17, 2016, the trial court granted the motion for sanctions and awarded appellee $650 in attorney fees.

{¶ 5} Appellant appealed from the March 14, 2016 Divorce Decree, the March 30, 2016 Facts and Law, and the May 17, 2016 decision and entry granting appellee attorney fees.

## II. APPELLEE'S MOTION FOR ATTORNEY FEES DENIED

{¶ 6} Appellee has filed a motion for attorney fees arguing that this appeal is frivolous and does not present a reasonable question for review. Appellant argues that appellee seems to believe this appeal is frivolous simply because she disagrees with the issues appellant has presented for review, and that appellant has presented valid issues for review in all five assignments of error.

{¶ 7} App.R. 23 states, "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." An appeal is frivolous when it presents "no reasonable question for review." *Talbott v. Fountas*, 16 Ohio App.3d 226 (10th Dist.1984). "The purpose of sanctions is to compensate the non-appealing party for the expense of having

to defend a frivolous appeal and to help preserve the appellate calendar for cases that are worthy of consideration." *Coburn v. Auto-Owners Ins. Co.*, 10th Dist. No. 09AP-923, 2010-Ohio-3327, ¶ 56. Merely prevailing in an appeal does not entitle an appellee to an award of fees. *Id.* at ¶ 57.

{¶ 8} While we affirm the trial court's judgment, our review does not show that all of appellant's assignments of error are frivolous and lack a reasonable question for review. As such, we deny appellee's motion for attorney fees.

## III. ASSIGNMENTS OF ERROR

{¶ 9} Katju appeals, assigning the following errors:

[I.] THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO FIND APPELLANT GUILTY OF EXTREME CRUELTY.

[II.] THE TRIAL COURT ERRED BY GRANTING A DIVORCE TO APPELLEE ON THE GROUNDS OF EXTREME CRUELTY WHEN APPELLEE FAILED TO PRESENT CORROBORATING EVIDENCE OF THOSE ALLEGED GROUNDS.

[III.] THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S DECISION AND ENTRY REGARDING THE DIVISION OF THE PARTIES' ASSETS AND LIABILITIES.

[IV.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY INTERRUPTING HIS TESTIMONY, *SUA SPONTE* SUMMONING APPELLEE TO THE STAND, ALLOWING APPELLEE TO PRESENT EVIDENCE BEFORE THE CONCLUSION OF APPELLANT'S CASE, AND PROCEEDING TO JUDGMENT BEFORE EITHER PARTY HAD RESTED.

[V.] THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S AWARD OF ATTORNEY FEES AT THE HEARING ON MAY 17, 2016.

(Emphasis sic.)

## IV. ASSIGNMENTS OF ERROR ONE AND TWO—NO ABUSE OF DISCRETION

{¶ 10} Because assignments of error one and two deal with the issue of whether or not there was sufficient evidence before the trial court to find that appellant was guilty of

extreme cruelty, we will address the issues together. We will initially discuss assignment of error two because, if we were to find that appellee failed to present sufficient corroborating evidence of extreme cruelty, it would, by necessity, require us to sustain assignment of error one as well, pursuant to Civ.R. 75(M).

{¶ 11} In regard to assignment of error two, appellant argues that appellee failed to offer independent testimony to support the factual basis of her complaints, therefore, the finding of extreme cruelty against appellant must be reversed for lack of corroboration. Appellee alleges that appellant, through his own testimony, provided the corroborating testimony to support the finding of extreme cruelty.

{¶ 12} We first note that generally, the judgments of domestic relations courts are upheld absent a finding that the court abused its discretion. *Patel v. Patel*, 10th Dist. No. 13AP-976, 2014-Ohio-2150, ¶ 14, citing *Scinto v. Scinto*, 10th Dist. No. 09AP-5, 2010-Ohio-1377, ¶ 4, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). Civ.R. 75(M) states, in relevant part, that "[j]udgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence." "The corroborative evidence must be of sufficient weight and have such probative value as to convince the court of the truth of the admissions and, together with such admissions, prove the grounds for divorce alleged in the petition, by a preponderance of the evidence." *Born v. Born*, 10th Dist. No. 77AP-316 (Sept. 15, 1977).

{¶ 13} "[T]he other credible evidence must merely substantiate the testimony of a party, but need not support it in every detail, as many private details concerning the grounds for divorce are within the exclusive knowledge of the parties themselves." *Sindel v. Sindel*, 10th Dist. No. 75AP-299 (Nov. 25, 1975). "Corroborating evidence must pertain to material elements essential to the proof of the ground for divorce set out in the complaint, but it is not required for each and every material fact." *Condit v. Condit*, 1st Dist. No. C-100213, 2010-Ohio-5202, ¶ 17.

{¶ 14} An entry based on only the parties' testimony does not violate the dictates of Civ.R. 75(M), when a party, through his own testimony at trial, corroborates the other party's allegations and there is no evidence that his testimony is untrue or that improper influences have affected his testimony. *See Young v. Young*, 10th Dist. No. 95AP-247 (Dec. 19, 1995); *Brooks-Lee v. Lee*, 10th Dist. No. 03AP-1149, 2005-Ohio-2288, ¶ 64-65;

*Thomas v. Thomas*, 5 Ohio App.3d 94, 101 (5th Dist.1982); *Minnick v. Minnick*, 12th Dist. No. CA89-12-029 (July 23, 1990).

{¶ 15} In this case, our review shows that both parties testified that less than 24-hours after the confirmation of the tragedy of losing the child, appellant asked for a divorce. (Mar. 14, 2016 Tr. at 35-36, 43.) Although he did retrieve the prescription from the pharmacy, both parties testified while appellee was "passing" the child on the morning of June 15, 2015, that appellant left the appellee in pain, lying on the floor of their apartment. (Tr. at 20, 37-38, 45-46.) He left her because he wanted to take a hot shower in another apartment. He abandoned appellee at the residence with no income and then he filed for divorce. (Tr. at 31, 46.)

{¶ 16} In summary, appellant's own testimony corroborated many of the facts stated by appellee. We find that while appellant's testimony does not support appellee's testimony in every detail, it does substantiate her testimony regarding the timing of the request for a divorce, the miscarriage, and appellant leaving the residence. We find that the trial court did not abuse its discretion in using appellant's testimony to corroborate appellee's testimony. Appellant's second assignment of error is overruled.

{¶ 17} In assignment of error one, appellant claims the trial court appears to base its determination of extreme cruelty on its findings that "when [appellee] was 'passing' the baby and experiencing extreme pain, [appellant] left her lying on the floor, by herself, for hours. His lack of emotional support for [appellee] throughout the marriage and particularly after she miscarried, is undeniable." (Facts and Law at 4.) Appellant argues that this conclusion lacks factual support and was denied by appellant. Therefore, appellant alleges appellee failed to show, and the trial court abused its discretion in finding that appellant engaged in a pattern of conduct calculated to disturb and destroy the happiness and peace of mind of appellee to the extent it rendered the marital relationship intolerable to her.

{¶ 18} Appellee argues that the trial court heard clear and convincing testimony that supported a finding that the conduct of appellant destroyed the peace of mind and happiness of appellee. Appellee states that whether it was his total callousness toward the miscarriage, the timing for his demands for a divorce, the choice he made to "take a shower," when his wife was in severe pain, the misogynistic behavior and demeaning comments towards his wife, the fact he abandoned his wife, who he knew had no income,

the secret recordings that he created, or any of the other acts that were testified to in trial, all of these behaviors were weighed by the court and incorporated into the findings of fact.

{¶ 19} "An abuse of discretion occurs where a trial court's decision is 'unreasonable, arbitrary or unconscionable.' " *Wolf-Sabatino v. Sabatino,* 10th Dist. No. 12AP-1042, 2014-Ohio-1252, ¶ 6, quoting *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). We have held that "[t]he trial court had broad discretion to determine the proper grounds for divorce and we cannot find otherwise in the absence of any showing that there was an abuse of discretion of such a nature as  * * *  to prejudicially affect the complaining party."  *Buckles v. Buckles,* 46 Ohio App.3d 102, 116 (10th Dist.1988). In addition, "we always bear in mind the trial court's large measure of discretion to determine the sufficiency of the evidence, the credibility of the witnesses and the weight to be given to the testimony. This court cannot find reversible error in the grounds for divorce when there is no showing of prejudice." *Id.*

{¶ 20} Extreme cruelty has been defined as consisting of acts and conduct which destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relationship intolerable. *Ginn v. Ginn,* 112 Ohio App. 259 (4th Dist.1960).  The trial court cited *Born* for the proposition that:

> The term, "extreme cruelty," as used in Section 11979, General Code, is not limited in scope to acts of physical violence or the reasonable apprehension thereof, but is sufficiently broad to encompass acts and conduct the effect of which is calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marital relation intolerable.

 (Facts and Law at 4.)

{¶ 21} The phrase "extreme cruelty"  is not capable of precise definition, but is an elastic phrase "that vest[s] the finder of facts with broad discretion to determine whether the particular evidence of marital misconduct rises to the level of * * * extreme cruelty." *Hunt v. Hunt*, 63 Ohio App.3d 178, 181 (2nd Dist.1998). We note that the court in *Kaminski v. Kaminski,* 12th Dist. No. CA96-09-073 (Mar. 3, 1997), affirmed the trial court's finding of extreme cruelty based on the following facts:

> Some of the evidence presented included the testimony of a neighbor who testified that after an argument with appellant, appellee "was very pale, she wasn't smiling, [and] she looked like she was under a great deal of stress from the look on her

face." Appellant had also been overheard yelling at appellee "in very angry tones, [in] very loud volume." Dr. DeVoge testified that in his opinion, appellee was suffering from a verbally abusive relationship.

The court in *Rice v. Rice*, 8th Dist. No. 78682 (Nov. 8, 2001), affirmed a finding of extreme cruelty and stated:

> The trial court found that Andrew established extreme cruelty by reason of Patricia's activity in the home including her failures in general orderly housekeeping, and her criticisms and unfriendliness in relation to his family and friends. There is sufficient evidence to support the trial court's determination such that it did not abuse its discretion in granting the divorce on the ground of extreme cruelty.

{¶ 22} The facts show that the parties were married in January 2015. Appellee testified that she "had been subjected to pretty bad treatment right from the beginning." (Tr. at 42.) In addition to corroborated testimony above, the court noted appellee's testimony that showed total callousness toward the miscarriage and appellee's physical and emotional suffering. The testimony also showed, among other things, bad timing for his demands for a divorce, secret recordings that he created, including on the day after the miscarriage was confirmed, and misogynistic behavior. The court found that "there was sufficient testimony from both parties to prove [appellee's] claim that [appellant] is guilty of extreme cruelty" and "[h]is lack of emotional support for [appellee] throughout the marriage and particularly after she miscarried, is undeniable." (Facts and Law at 3-4.)

{¶ 23} As stated above, the trial court has a large measure of discretion to determine the sufficiency of the evidence, the credibility of the witnesses, and that a trial court has broad discretion to determine the proper grounds for divorce, and such finding should not be overturned in the absence of any showing that there was an abuse of discretion. *Buckles.*

{¶ 24} Based on the evidence and the law, we do not find that the trial court abused its discretion in finding appellant guilty of extreme cruelty, and awarding appellee a divorce on those grounds. Therefore, appellant's first assignment of error is overruled.

## V. ASSIGNMENT OF ERROR THREE – NO PLAIN ERROR

{¶ 25} The court notes that appellant is raising this issue for the first time on appeal. At no point at the hearing on March 14, 2016, when the agreement was being read, during his testimony, when the court had directed counsel to update the Divorce Decree, or after the Divorce Decree was filed, did appellant or his attorney state an objection to the division of assets and liabilities as stated in the Divorce Decree.

{¶ 26} It is well-founded that, if a party fails to object to the court's procedures, absent plain error, the party waives the issue on appeal. *Ahmed v. Wise*, 10th Dist. No. 12AP-613, 2013-Ohio-2211, ¶ 19, citing *Winkler v. Winkler,* 10th Dist. No. 02AP937, 2003-Ohio-2418, ¶ 81. "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997).

{¶ 27} Appellant claims that there was not sufficient evidence for the property division and that the agreement for appellant was conditioned on the termination of the marriage on the grounds of incompatibility. Appellant further argues that appellee attempts to mislead this court into believing appellant assented to, and signed, the Divorce Decree after the trial concluded and places mistaken reliance on the plain error doctrine in order to place blame on appellant for not objecting to the court's procedures. Appellant further argues that the proposed decree appellant signed was not the decree altered by counsel for appellee upon direction from the court. While appellant did sign a Divorce Decree, the document he signed prior to the trial reflected incompatibility as grounds for the divorce, which was an essential term of his consent to the document's other terms.

{¶ 28} Appellee argues appellant and his counsel were well aware that the court adopted their modified agreement and the hearing would be proceeding with a hearing on grounds. Appellant had the opportunity to interject if there was an objection. Further, appellant formalized the property settlement by signing the Divorce Decree prior to the court signing the decree. If his position was that the agreement was conditioned on the grounds of incompatibility, he should have expressed such during the hearing or before he signed the decree.

{¶ 29} Appellant, for the first time on appeal, claims that the Divorce Decree was altered after signature by the parties and before presentment to the court. As stated above, appellant argues in his brief that "[w]hile Appellant did sign a decree of divorce, the document he *signed prior to the trial* reflected incompatibility as grounds for the divorce, an essential term of his consent to the document's other terms." (Emphasis added.) (Appellant's Reply Brief at 17.) However, appellant contradicts his claim in his amended brief by stating "[a]t the *time trial commenced, the parties had not reviewed or signed a final memorandum of agreement or other document* purporting to set forth the terms of the agreement recited by appellee's counsel." (Emphasis added.) (Appellant's Amended Brief at 20.)

{¶ 30} Appellant's claim is not supported by the record. There is simply nothing in the record to support appellant's claim that the Divorce Decree was altered after appellant and his counsel signed and approved. In addition, the court notes that following the filing of the Divorce Decree on March 14, 2016, appellant filed several motions with the trial court, including a request for separate Facts and Law on March 21, a motion for a restraining order on March 23, and a motion to stay on March 24, but none of them challenged the validity of the Divorce Decree, or even his own approval of the same. Certainly, appellant had an opportunity to bring this issue to the trial court's attention if something was truly amiss with the Divorce Decree, yet the issue was raised first here on appeal without any explanation or evidence.

{¶ 31} The record shows that the court started the March 14, 2016 hearing with the statement, "my understanding is there is a stipulation before we get into testimony on the issue of grounds only?" (Tr. at 4.) Appellee's counsel then read appellee's understanding of the agreement into the record. (Tr. at 4-6.) Appellant's counsel requested a slight modification of the agreement, but he acknowledged the agreement. (Tr. at 4-5.) The court then confirmed the hearing was only on the grounds for divorce. (Tr. at 6.)

{¶ 32} At the end of the hearing, the court directed that the proposed Divorce Decree, which included the division of the parties assets and liabilities, be updated to reflect the court's decision on the grounds for divorce. (Tr. at 53-55.) The trial court further directed that the entry be modified from an "Agreed Judgment Entry - Decree of Divorce" to reflect a "Judgment Entry - Decree of Divorce." All parties and counsel signed

and approved the decree before it was signed by the court. As such, we find no plain error and appellant's third assignment of error is overruled.

## VI.  ASSIGNMENT OF ERROR FOUR – NO PLAIN ERROR

{¶ 33} As with the prior assignment of error, appellant's fourth assignment of error is being raised here for the first time.  Again, at no point during the hearing did either party or counsel object to the manner in which the Judge was managing the evidence and testimony. As such, we will review this assignment of error under the plain error standard.

{¶ 34} Appellant argues that the trial court clearly rushed the parties and their counsel through some cursory testimony to get just enough evidence on the record to substantiate what it considered some appropriate grounds for divorce. Appellant was not afforded the opportunity to fully develop his own case or respond to appellee's allegations. The court's decision to greatly limit the presentation of testimony by appellant was an abuse of discretion.

{¶ 35} Appellee argues that the trial court provided appellant with the opportunity to develop his case and present evidence. If appellant objected to the court's process, he should have objected to it at the time of the hearing.  Further, appellant has failed to show how the mode and manner of the testimony prejudiced him.

{¶ 36} Evid.R. 611(A) expresses the court's right to manage the presentation of evidence, providing: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." "Generally, the order in which evidence shall be produced on the trial of an action lies within the sound discretion of the court, and, unless such discretion is patently abused, no reversible error occurs." *Cities Service Oil Co. v. Burkett*, 176 Ohio St. 449 (1964), paragraph two of the syllabus. Evid.R. 611(A) states, and this court has consistently held, " ' "[a] trial court has the discretionary authority to control the mode and order of proof." ' " *Ahmed* at ¶ 20, quoting *Winkler* at ¶ 93, quoting *Mason v. Swartz*, 76 Ohio App.3d 43, 54 (6th Dist.1991).

{¶ 37} Our review of the transcript shows that the court and parties acknowledged that there had been a tentative agreement on all issues, except for the grounds for divorce. Both parties testified as to facts they believed supported their grounds for divorce. The court provided appellant the opportunity to develop his case and present evidence. Appellant was cross-examined and eventually the court states that it has heard enough and that he has explained his "issues." Appellee testified on direct and counsel for appellant declined to cross-exam her. Again, at no point during the hearing did either party or counsel object to the manner in which the judge was managing the evidence and testimony. Further, appellant has failed to show how the mode and manner of the testimony prejudiced him. Therefore, we find no plain error and appellant's fourth assignment of error is overruled.

## VII.  ASSIGNMENT OF ERROR FIVE – NO ABUSE OF DISCRETION

{¶ 38} On April 29, 2016, appellee filed a motion for sanctions and attorney fees based on appellant's post Divorce Decree filings.  This matter, and other motions, came on for hearing on May 17, 2016.  In regards to the motion at issue, the court found:

> After careful review of the pending matters, the entire file and the applicable law, and the parties' oral arguments, * * * pursuant to R.C. 3105.73(B), the Court GRANTS Defendant's Motion for Sanctions and awards Defendant $650 in attorney fees. * * * The reasonableness of Defendant's attorney fees was not disputed by Plaintiff.

(May 17, 2016 Decision and Entry at 1.)

{¶ 39} Appellant argues the trial court's decision to award appellee post-decree attorney fees far exceeded its discretion, and that there is simply no evidence in the record to demonstrate the court's award was any more than purely arbitrary. No record was made of those proceedings.

{¶ 40} A trial court's award of attorney fees related to a post-decree motion will not be overturned absent an abuse of discretion. *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 42.  R.C. 3105.73(B) provides that "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."  In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any "other relevant factors

the court deems appropriate, but it may not consider the parties' assets." R.C. 3105 .73(B). The trial court may rely on its own experience and knowledge when determining the reasonableness of attorney fees requested. *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 51.

{¶ 41} Appellant notes that no record of the hearing was made and then argues that there is simply no evidence in the record to demonstrate the court's award was any more than purely arbitrary, and therefore, the court abused its discretion. However, there is simply no record for us to review in order to make that determination. In *Pullman Power Prods. Corp. v. Adience, Inc.*, 10th Dist. No. 02AP-493, 2003-Ohio-956, ¶ 14, we stated:

> An appellant must "* * * identify in the record the error on which the assignment of error is based * * *." App.R. 12(A)(2); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination, which, in this case, would require a review of the parties' motions for summary judgment. See App.R. 9 and 10; *Ham v. Park* (1996), 110 Ohio App.3d 803, 809, 675 N.E.2d 505; *Hildebrecht v. Kallay* (June 11, 1993), Lake App. No. 92- L-189, 1993 Ohio App. LEXIS 2966. "When portions of the [record] necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp*, supra.

{¶ 42} In the instant case, appellant has failed to provide this court with an adequate record to determine the merits of its appeal as it pertains to the courts decision and entry of May 17, 2016. In the absence of an adequate record, this court must presume the regularity of the trial court's actions. *See Pullman* at ¶ 15. For the foregoing reasons, appellant's fifth assignment of error is overruled.

## VIII.  DISPOSITION

{¶ 43} Accordingly, we overrule appellant's five assignments of error and, therefore, affirm the trial court.  We further deny appellee's motion for attorney fees.

*Judgment affirmed; appellee's motion denied.*

TYACK and KLATT, JJ., concur.

_____