[Cite as *Gebi v. Worku*, 2017-Ohio-8462.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Habtam Gebi | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-75 |
| | | (C.P.C. No. 15DR-352) |
| Legesse Worku, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 7, 2017

**On brief:** *The Legal Aid Society of Columbus*, and *Stuart Y. Itani*, for appellee. **Argued:** *Stuart Y. Itani.*

**On brief:** *E. Darren McNeal Co., LLC,* and *E. Darren McNeal*, for appellant. **Argued:** *E. Darren McNeal.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, P.J.

{¶ 1} Legesse Worku is appealing from various rulings and from aspects of his decree of divorce. For the reasons that follow, we affirm the judgment of the trial court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} Legesse Worku and Habtam Gebi were married on March 17, 2006 in Ethiopia. They had two children, Eden Legesse, born March 18, 2011, and Nathaniel Legesse born April 26, 2013. Both parties worked at Wal-Mart, Ms. Gebi as a cashier and Mr. Worku in maintenance.

{¶ 3} Ms. Gebi filed for divorce on February 3, 2015, alleging extreme cruelty and incompatibility. The trial court granted a domestic violence civil protection order against

her husband on February 4, 2015.  Worku filed an answer and counterclaim alleging extreme cruelty.

{¶ 4}  While the parties were separated, Worku did not maintain a relationship with his children.  He had no contact with his children since January 2015, and he did not exercise any parenting time pursuant to the trial court's temporary orders.  Worku did not comply with temporary orders to provide child support.  At the time of the final hearing, there was an arrearage of $4,946.25.

{¶ 5}  During the course of the proceedings, Gebi had difficulty obtaining discovery material from Worku. The trial court identified a repeated pattern of failure to cooperate in discovery that had been raised at the December 1, 2015 pretrial, the September 8, 2015 pretrial, and the March 2, 2016 status conference.  (Tr. at 6-7.)  The trial court awarded attorney fees to Gebi as a result of a motion to compel.  On March 10, 2016, Worku's attorney filed a motion for leave to withdraw based on conduct by the client that made it unreasonably difficult for the lawyer to carry out her employment effectively.

{¶ 6}  Worku was given opportunities to comply with discovery and to follow the trial court's case management orders.  The case management order specified that if a party did not provide to opposing counsel the items set forth in the document, the party would be sanctioned and not allowed to present a case, thus allowing the other party to proceed uncontested.  However, on the morning of trial, Worku failed to produce his trial notebook.  The trial court then sanctioned Worku for failing to comply with the trial court's case management orders of March 2, and July 18, 2016.  The trial court dismissed his counterclaim, did not allow him to present evidence, and allowed Gebi to proceed on an uncontested basis.  The trial court did allow Worku to cross-examine witnesses.

{¶ 7}  The trial court granted a decree of divorce on January 6, 2017, incorporating Gebi's findings of fact and conclusions of law regarding the division of assets.  The trial court terminated the marriage on the grounds of incompatibility, gross neglect of duty, and extreme cruelty.  The decree designated Gebi as the legal custodian of the minor children and granted Worku supervised parenting time.  The trial court equitably divided the parties' assets and liabilities.  Worku filed a timely notice of appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}  On appeal, Worku assigns four errors for our consideration:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY IMPOSING DISCOVERY SANCTIONS FOR FAILURE TO COMPLY WITH A CASE MANAGEMENT ORDER.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE DISMISSAL OF APPELLANT'S COU[N]TERCLAIM AND PRECLUDING HIM FROM PRESENTING EVIDENCE AS A DISCOVERY SANCTION RATHER THAN IMPOSING A LESS SEVERE PENALTY, COMMENSURATE WITH THE ALLEGED DISCOVERY FAILURE.
>
> [III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THE DIVISION OF MARITAL PROPERTY.
>
> [IV.] THE TRIAL COURT ERRED BY FINDING GROUNDS FOR DIVORCE THAT ARE NOT SUPPORTED BY THE EVIDENCE.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

#### 1.  Sanctions

{¶ 9}  In general, a trial court has discretion to determine the sanction for discovery violations, and a reviewing court will reverse the trial court's determination only for an abuse of discretion.  *Woodruff v. Bar*, 10th Dist. No. 02AP-351, 2002-Ohio-5616, ¶ 15; *Settle v. Thurber Manor Apts.*, 10th Dist. No. 98AP-608 (May 11, 1999); *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus.  That discretion is not unfettered.  *Woodruff* at ¶ 16.  The " 'trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate.' "  *Id.,* quoting *Russo v. Goodyear Tire & Rubber Co.*, 36 Ohio App.3d 175, 178 (9th Dist.1987).

{¶ 10}  Under Civ.R. 37(B)(2)(b), a court may preclude a party from introducing designated matters in evidence if that party fails to obey an order to provide or permit discovery.

{¶ 11} In addition, Loc.R. 3 of the Franklin County Court of Common Pleas, Division of Domestic Relations, governs the case management system designed to provide for the prompt, fair, and timely disposal of all cases and motions before the court.  Loc.R. 3(F) sets forth the requirement for trial notebooks to be exchanged with opposing counsel and submitted to the trial court.  Loc.R. 3(H) grants to the trial judge "the power, coextensive with the inherent powers of the Court and the enumerated powers in the Revised Code and the Civil Rules, to impose sanctions on attorneys, parties, or both." Loc.R. 3(I) permits the trial judge to impose sanctions for failure to comply with the local rules, a case schedule, or the Civil Rules.

### 2. Property Division

{¶ 12} With respect to the division of marital property, appellate review of the trial court's designation of property as marital or separate is under a manifest weight of the evidence standard.  *Rank v. Rank*, 10th Dist. No. 10AP-273, 2010-Ohio-5717, ¶ 7.  Under this review, a trial court's determination will not be reversed if it is supported by some competent, credible evidence.  *Id.*  The trial court's decision will not be reversed absent an abuse of discretion.  *Beagle v. Beagle*, 10th Dist. No. 07AP-494, 2008-Ohio-764, ¶ 38, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 95 (1988).

### 3. Grounds for Divorce

{¶ 13} Civ.R. 75(M) states, in relevant part, that "[j]udgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence."  The other credible evidence must substantiate the testimony of a party, but need not support it in every detail, as many private details concerning the grounds for divorce are within the exclusive knowledge of the parties themselves.  *Katju v. Bavadekar*, 10th Dist. No. 16AP-325, 2016-Ohio-7970, ¶ 13, citing *Sindel v. Sindel*, 10th Dist. No. 75AP-299 (Nov. 25, 1975).  We review a trial court's decision regarding grounds for divorce under an abuse of discretion standard. *Katju* at ¶ 19, 23.

### B. First and Second Assignments of Error

{¶ 14} In his first and second assignments of error, Worku challenges the basis for the trial court imposing sanctions and the degree of sanctions that should be imposed.

{¶ 15} Early on in his divorce case Worku was represented by counsel, but by the time for his trial, he was acting pro se. He had not abided by the court's requirement to comply with the case management order which was intended to allow the court and counsel to prepare for trial. The failure to comply made it difficult for all involved to know what the issues were that were being contested at trial. His failure left few options for the trial court judge but to block his evidence from being admitted at trial. However, the judge allowed him to participate in the trial and to cross-examine witnesses.

{¶ 16} After a review of the record, we find the trial court did not abuse its discretion by prohibiting Worku from presenting evidence at trial. Under Dom. Rel. Loc.R. 3(F) Worku was required to submit a trial notebook containing, among other things, copies of exhibits he intended to introduce at trial, a list of all witnesses, proposed child support guideline worksheets, a spreadsheet identifying separate and marital assets and liabilities, and copies of expert reports. Worku failed to submit a trial notebook. Under Loc.R. 3(I), the trial judge may impose sanctions for failure to comply with local rules or a case schedule. If the trial judge finds that a party has failed to comply without reasonable excuse or legal justification, the trial judge may impose sanctions proportional to the extent or frequency of the violations. Here, Worku failed to comply with numerous requests for discovery, and the trial court's sanctions were in response to a repeated pattern of noncompliance. Any other course of conduct would allow a recalcitrant party to a divorce case to block the case from proceeding indefinitely.

{¶ 17} The first and second assignments of error are overruled.

**C. Third Assignment of Error**

{¶ 18} In his third assignment of error, Worku argues that the trial court erred in the division of marital property.

{¶ 19} A trial court judge must abide by R.C. 3105.171 in dividing the marital property. The trial court judge here did so.

{¶ 20} The trial court judge found all the property of the parties to be marital property. The evidence before the trial court did not indicate that any of the property was non-marital. Upon direct examination Gebi identified various property acquired during the marriage including two bank accounts, her husband's pension, two vehicles, and miscellaneous household goods and furnishings. She stated her request for division of

that property. There was no testimony regarding separate property. Worku was given the opportunity to cross-examine, but failed to raise any issues about the categorization or division of marital assets. The finding by the court that all their property was marital property was consistent with the evidence before the court.

{¶ 21} The trial court made an equitable distribution of that property, which was minimal. Each party was awarded the motor vehicle that party had been driving. Worku was awarded the Lexus. Gebi was awarded the 2004 Toyota Camry. The household goods and furnishings had already been divided between the parties and the division was left undisturbed.

{¶ 22} Worku had funds in two bank accounts totaling over $14,000 yet had not paid his child support and had developed an arrearage of $4,946.25. The arrearage was reduced to judgment in the divorce decree.

{¶ 23} The trial court ordered that each party receive one-half of the funds in the bank accounts. The court also ordered the preparation of a Qualified Domestic Relations Order to divide the retirement funds equally.

{¶ 24} Nothing in the trial court's division of property was or is inequitable.

{¶ 25} The third assignment of error is overruled.

### D. Fourth Assignment of Error

{¶ 26} In his fourth assignment of error, Worku alleges that the grounds for divorce were not proved.

{¶ 27} At the end of the proceedings, the parties were divorced after an extended separation. Worku failed to interact with his children and failed to pay child support, running up an arrearage of approximately $5,000. On the facts of this case, Worku's failure in this regard was sufficient to permit the trial court to find gross neglect of duty as a grounds for divorce. If granting a divorce is proper on one ground, granting a divorce on additional other grounds constitutes harmless error. *Clark v. Clark*, 7th Dist. No. 03 NO 308, 2004-Ohio-1577, ¶ 15. Once one establishes grounds for divorce, the granting of a divorce is appropriate. The fact that other grounds are open to question does not change the fact that a divorce was appropriate. Worku was not harmed by the fact his wife's grounds for divorce were used as grounds for divorce. No prejudicial error occurred.

{¶ 28} The fourth assignment of error is overruled.

## IV.  CONCLUSION

{¶ 29} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.

———————————